CLIFFSIDE PARK REALTY COMPANY, APPELLANT, v. BOROUGH OF CLIFFSIDE, RESPONDENT.

Submitted March 21, 1921—Decided June 20, 1921.

On appeal from the Supreme Court, in which court the following memorandum was filed by Mr. Justice Parker:

"The writ removes for consideration an elaborate zoning ordinance of Cliffside Park, approved September 27th, 1920, and which was avowedly enacted, pursuant to the supplement to the 'Home Rule act' of 1917, which appears as chapter 240 of the laws of 1920. *Pamph. L., p.* 455. Prosecutors own two blocks of land in the borough, laid out as building lots, and allege that the marketability of their lands is seriously affected by the restriction of said lands to uses not forbidden by 'regulations controlling business districts' contained in section 6 of the ordinance, and cognate provisions. They claim that the act itself is unconstitutional as authorizing an improper limit

on the use of their property, and that the ordinance itself goes beyond the authority of the statute and of any other legislation applicable in the premises.

"I do not think the act itself is unconstitutional *in toto,* as it is, in fact, at least, plainly passed as an exercise of the legitimate police power, for it says the regulations authorized 'shall be designed to promote the public health, safety and general welfare.' There can be no question about the validity of reasonable regulations touching the public health and safety. 'General welfare' is a broad phrase and perhaps would include matters not properly within the scope of the police power, but no doubt includes some that are within that scope.

"Coming to the ordinance itself, I do not see how it is to be set aside *in toto* because certain parts of it may be invalid. The rule on this subject is well settled and is not denied by prosecutors. When we take up the particular parts applicable to them [and I do not think all of them are pointed out], I think that on the case made by prosecutors a *certiorari* is premature. They do not appear to have been prevented from building any buildings intended for prohibited uses, or from carrying on any prohibited businesses. As to buildings for uses denounced by the ordinance, I think the proper procedure is that followed in recent cases in Asbury Park and Jersey City, viz., the filing of plans and an application for *mandamus* to allow a building permit in case the plans conform to valid regulations. *English* v. *Asbury Park,* No. 252, November term, 1920; *Blakeslee, Inc.,* v. *Jersey City,* 95 *N. J. L.* 284. The case does not seem to be within *Rosencrans* v. *Eatontown,* 80 *Id.* 227. Either *mandamus* or a *certiorari* to review a conviction or pending a prosecution without jurisdiction would seem to be the proper remedy. Prosecutors say the ordinance carries no penalty for violation. In that case they are that much better off if they infringe its provisions.

"So far as I can gather from the brief for prosecutors, the attempt is to have the whole ordinance declared invalid. I am clear that, like the statute, it is not invalid *in toto;* and that for reasons just given, the time is not ripe to attack it in detail. The writ will be dismissed."

For the appellant, *Wendell J. Wright.*

For the respondent, *Arthur W. Agnew.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Parker in the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, HEPPENHEIMER, JJ.  8.

*For reversal*—KALISCH, KATZENBACH, WHITE, WILLIAMS, GARDNER, JJ.  5.