MILTON BROWN, PROSECUTOR, v. MAITLAND B. TERHUNE, SUPERINTENDENT OF BUILDINGS OF THE VILLAGE OF RIDGEWOOD, AND THE VILLAGE OF RIDGEWOOD, RESPONDENTS.

Argued January 22, 1941—Decided February 7, 1941.

Before Justices BODINE and PORTER.

For the prosecutor, *Newcorn & Newcorn* (*William Newcorn*).

For the respondents, *Thomas L. Zimmerman, Jr.*

BODINE, J. The prosecutor entered into contracts for the purchase of several properties at the corner of Godwin and Sherman avenues in the village of Ridgewood. The properties were in a business zone and prosecutor desired to build a gasoline service station thereon. This use was lawful, when he applied for his building permit and paid the necessary fee. The grant of the permit was delayed while the zoning ordi-

nance was being amended so as to place the premises in question in a two-family zone where a permit could not be granted.

*Certiorari* is the appropriate remedy to test the reasonableness of the ordinance. *Payne* v. *Borough of Seabright,* 14 *N. J. Mis. R.* 756. Although prosecutor was not the owner of the premises he held signed contracts for the purchase thereof; this circumstance gave him sufficient authority to apply for the permit. The change in the zoning ordinance seems to bear no relation to the public health, safety, morals or general welfare. A garage and service station are situate on Godwin avenue a short distance from prosecutor's premises.

The action seems arbitrary and for no other purpose than to preclude a use which for seventeen years has been lawful. *Eastern Boulevard* v. *Willaredt,* 125 *N. J. L.* 173; *affirmed, Id.* 511.

The amendment to the ordinance will be set aside, and the prosecutor may have a writ of *mandamus* to compel the issuance of a permit.