People of State of Illinois ex rel. Axel Danielson, Appellees, v. City of Rockford, and Fritz Oberg, Building Inspector of City of Rockford, Appellants.

Gen. No. 10,336.

348 

 Opinion filed September 1, 1949.
Released for publication September 21, 1949.

CHARLES S. THOMAS and WELSH & WELSH, all of Rockford, for appellants; R. T. WELSH, of Rockford, of counsel.

LARGE, RENO & ZAHM, of Rockford, for appellees; RALPH S. ZAHM, of Rockford, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On March 4, 1948, the appellee, Axel Danielson, made application to Fritz Oberg, the building inspector of the City of Rockford, for permits to erect four buildings in that city and each designated for use and occupancy by four families, and commonly known as four-family apartments. The buildings were to be constructed on three lots which are located in the territory, or area designated by the zoning ordinance of the city as, "B— Residential Districts." Applicable to "B— Residential Districts," the zoning ordinance provided at the time the permits were requested, in part, that, "no building shall be erected or altered except for one or more of the following uses." . . . "2. Two Family Dwellings."

It appears from the pleadings that the building inspector refused to issue the permits on the sole ground that the zoning ordinance allowed only two-family dwellings to be erected in the zoning district where the buildings were to be erected.

The appellee on April 5, 1948, filed his petition in the circuit court of Winnebago county for a writ of mandamus to compel the City of Rockford and Oberg to issue building permits for the erection of the buildings. The petition in substance alleges that plans and specifications of the buildings in compliance with the

ordinance of the city, were submitted to Oberg and that he refused to issue the permits. The appellee hereinafter, will be referred to as the petitioner and the City of Rockford and Fritz Oberg as the respondents.

Respondents filed their answer admitting petitioner's ownership of the lots and that the plans and specifications for the buildings complied with the applicable building code of the city. The answer alleges that the permits were refused, because the area wherein the lots are located is zoned as "B—Residential District" under the Zoning Ordinance then in force and that as such "Residential" classification four-family apartments were not permitted.

The petitioner filed his reply to the answer admitting that there is and was on March 4, 1948, a certain alleged or pretended Zoning Ordinance of the City of Rockford in alleged or pretended force and effect in and by which said alleged or pretended ordinance the lots described in the complaint were classified as "B—Residential District," as set forth in the answer of the respondents. Admits that petitioner's application for building permits was made to Oberg for the purpose of construction and erection upon the lots four-family apartment buildings. The reply further alleges that the Zoning Ordinance is void and of no force and effect; that the said ordinance insofar as it attempts to define Class "A," "B" and "C" Residential Districts is purely capricious, arbitrary and discriminatory, and that the same bears no relation whatsoever to the preservation of the public health, morals, comfort and welfare; that said ordinance is an invalid exercise of the City of Rockford of its police power and constitutes a taking of petitioner's property without just compensation contrary to sec. 13 of art. II of the Constitution of the State of Illinois, and further that said ordinance constitutes a taking of the property of the petitioner without due process of law, contrary to sec. 2 of art. II of the Constitution of the State of Illinois; that said

ordinance deprives petitioner of his property and renders the same of little or no value to him; that by reason of the foregoing, the matters and things set forth in the respondents' answer constitutes no reason for the denial of the writ of mandamus as prayed in petitioner's complaint.

The respondents filed their answer to the reply denying each allegation of the reply.

There was a hearing before the court and a decree rendered awarding the writ as prayed in the complaint. The trial judge refused to certify that the validity of a city ordinance is involved. The respondents have appealed.

It does not appear from the decree that the trial court held that the ordinance, or any part thereof, as being so arbitrary and unreasonable as to result in confiscation of petitioner's property without just compensation, or without due process of law. In other words, the court did not decide that the ordinance, or any part thereof, is an unreasonable or improper exercise of the police power contrary to constitutional limitations on the police power delegated to cities of this State by our legislature to enact zoning ordinances. This court does not have jurisdiction to determine the question of the validity of an ordinance of a municipal corporation where the construction of a constitutional provision is involved. (*City of Aurora v. Burns,* 319 Ill. 84; *Harmon v. City of Peoria,* 373 Ill. 594; *City of Chicago v. Krema Trucking Co.,* 401 Ill. 411; *City of Greenville v. Nowlan,* 279 Ill. App. 311; *Pollack v. County of Du Page,* 371 Ill. 199.)

It is contended by the respondents that the court assumed and exercised a legislative function in rendering the decree. In the case of *Welton v. Hamilton,* 344 Ill. 82, the Supreme Court held that section 3 of the Zoning Act of 1923, which authorized the board of appeals, created by the Act, to vary or modify the application of a zoning ordinance in particular cases,

where in the opinion of the board there were practical difficulties or unnecessary hardships in carrying the ordinance out, is a delegation of a legislative power, and is unconstitutional delegation of authority. (See also, *Speroni v. Board of Appeals of City of Sterling,* 368 Ill. 568.)

In the case of *Dodge v. Cole,* 97 Ill. 338, on page 356, the Supreme Court states: ''When set in motion by the institution of suits for the settlement of difficulties, it is the province of courts to declare what the law is, and apply it to the controversies before them. They have no power to make law. That is a legislative function, which must be exercised exclusively by the legislative branch of the government. They are only permitted to declare what the law is, and apply it to existing controversies, when brought before them by some appropriate proceeding.''

A summary of the decree follows. The court finds that the proposed four-family apartments will be of two-story construction with four separate dwelling units, each unit intended for occupancy for not more than two persons. That the buildings will be modern in every respect, well constructed, and the grounds well landscaped.

''The Court further finds that the City of Rockford is a growing community and that the need for housing accommodations is acute; that from the testimony it appears that there is an immediate need for an additional 2000 to 2500 dwelling units in the City of Rockford; that no four-family dwelling units have been erected in the City of Rockford since January 1, 1948, and that only three two-family dwelling units have been erected during the said period, and that these facts indicate to this court that wherever reasonably possible the erection of multiple family dwelling units should be encouraged; that under present day existing economic conditions it is not economically sound from an investment standpoint to erect two-family dwelling

units, and that it is not economically sound to erect four-family dwelling units unless such units can be erected in an area which will attract the type of tenant who can afford to pay a rental commensurate with the cost of such erection and maintenance under present day conditions and thereby provide a reasonable return for the party erecting such type of dwelling units; that there appear to be in excess of 5000 vacant lots in the City of Rockford, and that of that number only approximately 38 of such lots are zoned for four-family apartments, and that the area of lands available for the erection of four-family apartments in the City of Rockford under the existing Zoning Ordinance is proportionately too small having regard to the housing need of the City of Rockford and the total number of vacant lots in said City.

"The Court further finds that under the existing Zoning Ordinance of the City of Rockford Petitioner might properly erect or cause to be erected upon the premises in question single family dwellings, schools and colleges, parks, recreation buildings, and Country Clubs not conducted as a business nor for profit, farming, truck gardening and nurseries, two-family dwellings, lodging and boarding houses, churches, temples, libraries and public museums, institutions of an educational, philanthropic or eleemosynary nature, and that by definition contained in said Ordinance a lodging and boarding house may contain not exceeding twenty persons; that under the provisions of said Ordinance Petitioner might erect nine two-family dwelling units upon the premises in question, which, assuming that the number of individuals contained in each family would be only two in number, would still accommodate thirty-six persons; that under said Ordinance Petitioner might erect four lodging and boarding houses which could contain a total of eighty persons, and that under the proposed use of the premises the building to be erected thereon would not accommodate in excess

of thirty-two persons; and that, therefore the denial of Petitioner's application for a building permit in this case is arbitrary and capricious and does not bear any relation to public health, safety, morals or general welfare.

"The court further finds that under present day economic conditions, the cost of building single family dwelling units has increased to such an extent that it is well nigh impractical and impossible for the ordinary person having an ordinary income to erect a single family home, and that whether this condition will change in the near future is entirely a matter of conjecture and, that, therefore, it is necessary if the City of Rockford is to go forward and continue its development that rental housing units be made available; that it appears to be the desire of the surrounding property owners that the premises in question shall not be given over to the use proposed by Petitioner and that such an attitude on their part is perfectly natural and reasonable, but that this court feels that it must take a broader view of the problems presented by this case and must not close its eyes to the needs of the community as a whole; that the public health, safety, morals and general welfare will best be served by the issuance of a Writ of Mandamus as prayed for herein permitting the erection of the four 4-family dwelling units in question, provided only that such dwelling units shall be located upon the lands in question strictly in accordance with the plans and specifications introduced in evidence in this cause and shall otherwise be erected strictly in accordance with such plans and specifications, and nothing herein contained shall be construed to change the Zoning Classification of the lands in question or the area immediately surrounding the same."

The decree orders that the writ of mandamus issue directing that the respondents issue to petitioner building permit or permits for the construction of four

4-family apartment buildings on the premises in question in accordance with the plans and specifications, being petitioner's Exhibit 7.

The decree further provides, "It is further ordered, adjudged and decreed that nothing herein contained shall be construed to permit petitioner or any other person to erect any structure upon the premises described in the complaint herein, or any part thereof, other than those four certain 4-family apartment buildings to be erected strictly in conformity with the plans and specifications introduced in evidence in this cause and located upon the premises in question in exactly the same manner as set forth in petitioner's Exhibit 7 introduced in evidence herein, nor shall anything herein contained be construed to alter or amend the existing Zoning Ordinance of the City of Rockford with respect to the premises in question or any part thereof."

■■ It appears from the decree that there was a judicial decision that it is for the best interest and welfare of the residents of the City of Rockford, that the Zoning Ordinance of the City of Rockford should be modified so as to permit the erection of four-family apartments, in district B thereof, contrary to the plain provisions of the ordinance, at least to such an extent that the petitioner be permitted to erect four, 4-family apartments in said district. In our opinion, the decree goes further than a construction of the zoning ordinance and it is in effect an amendment of the ordinance. Any modification, or change, in the ordinance should be addressed to the legislative authorities of the City of Rockford. (*Speroni v. Board of Appeals of City of Sterling,* 368 Ill. 568.)

The decree of the circuit court of Winnebago county is reversed.

*Reversed.*