STATE of Missouri ex rel. Ernest CROY, Kenneth Hill, Charles H. Blue and John F. Dehoney et al., Appellants,

v.

The CITY OF RAYTOWN, Missouri, LeRoy Cox, D. M. Eubank, Gilbert Hundley, O. L. Hansen, Clark Fegert, Robert Gayle, Respondents.

No. 22406.

Kansas City Court of Appeals.

Missouri.

April 2, 1956.

John C. Russell, Kansas City, for appellants.

J. H. Greene, Jr., Raytown, for respondents.

BOUR, Commissioner.

This is a proceeding in certiorari under Section 89.110 RSMo1949, V.A.M.S., commenced in the circuit court of Jackson county, whereby relators seek to test the validity of certain provisions of a zoning ordinance of Raytown, a city in Jackson county. The city of Raytown, the mayor of the city, the members of the board of aldermen and Robert Gayle were named as respondents.

The certiorari proceeding was instituted by four individuals. They allege in the amended petition "that they bring this action for and in behalf of themselves and all those residents of the northwest portion of the city who have been aggrieved by recent passing *by the City Zoning Board* of a zoning ordinance described herein". (Italics ours.) Relators state "that they are now and have been residents of Raytown"; that Raytown is a city of the fourth class; that "LeRoy Cox is mayor of the city of Raytown"; that "D. M. Eubank, Gilbert Hundley, O. L. Hansen and Clark Fegert are councilmen of the city of Raytown, * * * and as such constitute the Zoning Board voting in an administrative capacity and performing administrative duties"; that Robert Gayle purchased "a parcel of land then zoned for residence in Raytown, Missouri, and petitioned the council to rezone that part of the city described as follows: * * *." After describing the land in question relators allege "that there is now in full force and effect a zoning ordinance governing the zoning and the building of business, industrial and dwelling units in Raytown, * * * and as part of the land in Raytown, * * *, zoned under said ordinance for dwelling houses is" the above mentioned tract of land.

Relators allege "that subsequent to an application filed by said Robert Gayle, the City Council caused to be appointed a City Planning Commission, which commission proposed that the incorporated area of the city of Raytown as it existed prior to January 1, 1954 be * * * rezoned in a certain manner for residential, business and industrial uses, and pursuant to said proposal the City Council caused to be inserted a notice in the Raytown News, a weekly publication, of a hearing to be had in regard to the above zoning proposal and that pursuant to said notice, a hearing was had and an ordinance passed December 30, 1953, adopting said proposal as prescribed by the

Planning Commission which ordinance included the rezoning of the above described real estate for industrial purposes"; that relators "are the owners of property in the immediate vicinity of said rezoned plot and that they have been jointly and severally aggrieved by the *said decision*". (Italics ours.) Relators further allege that "said decision is illegal, arbitrary, capricious and discriminatory for the following reasons": (1) that "said decision was not based on adequate, competent and substantial evidence"; (2) that "said decision was against the overwhelming weight of the evidence"; (3) that "the effect of said decision is to 'spot zone' a relatively small plot of ground for industrial purposes in an area now zoned and used exclusively for residential purposes; * * *." Relators challenge the validity of "said decision" on six other grounds, but the foregoing are sufficient for the purposes of this opinion.

The writ was issued as prayed. Before return was made, respondents filed a motion to dismiss or quash the writ on six grounds, one ground being that "the petition requesting the writ fails to state a claim upon which relief can be granted". No evidence was introduced. The motion was sustained and the writ dismissed. The judgment reads as follows: "(I)t is ordered and adjudged by the court that (the) writ of certiorari be and the same is hereby dismissed at plaintiffs' costs, and that defendants have and recover from plaintiffs their costs herein and have therefor execution." From this judgment relators appealed to the Supreme Court, and that court, has transferred the case to this court on jurisdictional grounds.

Relators contend that the trial court erred in dismissing the writ. It does not appear from the record on what ground the trial court acted, but several grounds were stated in the motion to dismiss or quash. If the court properly dismissed the writ, it is of course immaterial on what ground the court acted.

All statutory references in this opinion are to RSMo 1949, V.A.M.S.

The enabling act, Chapter 89, Sections 89.010–89.140, empowers the legislative body of every incorporated city, town and village in the state, except those in counties having a population of less than ten thousand, to enact zoning ordinances in conformity with its provisions. The "local legislative body may divide the municipality into districts of such number, shape, and area as may be deemed best suited to carry out the purposes" of the act, and "within such districts may regulate and restrict the erection, construction, reconstruction, alteration or use of buildings, structures, or land. * * *." Section 89.030. See also Section 89.020. "Such regulations shall be made in accordance with a comprehensive plan", Section 89.040, designed to promote certain specified purposes.

Section 89.050 of the enabling act provides: "The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed. However, no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in an official paper or a paper of general circulation in such municipality." Section 89.060 provides that such "regulations, restrictions, and boundaries may from time to time be amended, supplemented, changed, modified or repealed"; that under certain specified conditions "such amendment shall not become effective except by the favorable vote of three-fourths of all the members of the legislative body of such municipality"; and that the "provisions of section 89.050 relative to public hearing and official notice shall apply equally to all changes or amendments".

Section 89.080 of the act reads in part as follows: "Such local legislative body shall provide for the appointment of a board of adjustment, and in the regulations and restrictions adopted pursuant to the authority of sections 89.010 to 89.140 may provide that the said board of adjustment may

determine and vary their application in harmony with their general purpose and intent * * *." The act provides, Section 89.090, that the board of adjustment shall have power "to hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of these sections or of any ordinance adopted pursuant thereto", and "to hear and decide all matters referred to it or upon which it is required to pass under such ordinance", and "in passing upon appeals, where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." Section 89.100 provides that appeals "to the board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the municipality affected by any decision of the administrative officer."

Section 89.110 of the enabling act provides, inter alia, that "any person or persons jointly or severally aggrieved by any decision of the board of adjustment" may obtain a review of the legality of such decision by a proceeding in certiorari instituted in the circuit court of the county or city in which the property affected was located. As to the scope of judicial review of the decisions of a board of adjustment, see Section 22, Article V, Constitution of 1945, V.A.M.S., as implemented by Chapter 536 RSMo 1949, Administrative Procedure Act, amended Laws of 1953, p. 678 et seq., V.A.M.S.; Carroll Const. Co. v. Kansas City, Mo.App., 278 S.W.2d 817, 820; Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491, 495.

■ In the instant case relators challenge the validity of an ordinance insofar as it rezoned a certain area in Raytown so as to change it from a residential district to an industrial district. Relators alleged in their amended petition that the rezoning ordinance was enacted "by the City Zoning Board"; they referred to the enactment of the ordinance as a "decision"; and they alleged, in substance, that the members of the "city council" constituted "the Zoning Board" and as members of that board performed admininstrative duties. On the other hand they alleged that they would be greatly damaged by the action of "the Council" in rezoning the area in question. We assume that the term "Zoning Commission", as used by relators, means the board of adjustment. The legislative body of a city of the fourth class is called "the board of aldermen". See Section 79.110. In this state the power to zone property in the municipality has been conferred upon the legislative body of the municipality and that power cannot be delegated to the board of adjustment. Sections 89.020–89.060 of the enabling act, quoted in part above; Landau v. Levin, 358 Mo. 77, 213 S.W.2d 483, 485. The board of adjustment has no legislative powers. Sections 89.080–89.100 of the enabling act; State ex rel. Nigro v. Kansas City, 325 Mo. 95, 27 S.W.2d 1030, 1032. As to the allegation that the members of the "city council" constituted the "Zoning Board", see Section 89.080.

■■ Obviously, relators' amended petition is ambiguous and confusing. It is clear, however, that the alleged enactment of the rezoning ordinance was an act purely legislative in character. Acts which are purely legislative are not reviewable by the common-law writ of certiorari. State ex rel. Manion v. Dawson, 284 Mo. 490, 504, 225 S.W. 97; State ex rel. Adams v. Crain, Mo.App., 201 S.W.2d 426, 429. The instant case, however, is a statutory certiorari proceeding brought pursuant to Section 89.010 of the enabling act. This appears on the face of the petition, and relators state in their brief that the amended petition was "filed by virtue of and in accordance with Section 89.010". As stated above, that section of the enabling act provides that any person aggrieved by any decision of the board of adjustment may obtain a review of the legality of such decision by a

proceeding in certiorari instituted in the circuit court of the county or city in which the property affected was located. As stated, the enactment of the rezoning ordinance was an act purely legislative in character. Such legislative action may not be reviewed in a proceeding brought pursuant to Section 89.010.

We conclude, therefore, that the amended petition failed to state facts sufficient to constitute grounds for the relief sought therein. It follows that respondents' motion to dismiss the writ was properly sustained. Relators did not request leave to file a second amended petition and, as stated, a judgment was entered dismissing the writ. The judgment should be affirmed, and the commissioner so recommends.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.