In the Matter of SADIE H. MARKHAM, Petitioner.

(Filed 14 June 1963.)

1. **Administrative Law § 4—**

   *Certiorari* lies only to review the judicial or quasi-judicial action of an inferior tribunal, commission or officer.

2. **Municipal Corporations § 25—**

   A municipal planning and zoning commission has no legislative, judicial or quasi-judicial power, and the city council acts in the exercise of its legislative function in determining whether the commission's recommendations in regard to the enactment of zoning ordinances should be followed. G.S. 160-22 *et seq.*, G.S. 160-177, G.S. 160-175.

3. **Same;   Administrative Law § 4;   Courts § 7—**

   *Certiorari* is improperly granted to review the refusal of a city council to amend the municipal zoning ordinance with respect to petitioner's lands, since the courts will not attempt to control the exercise of legislative power.

APPEALS by petitioner and respondents from *McKinnon, J.,* December Civil Session 1962 of DURHAM.

The appeals involve petitioner's request that her property in Durham, North Carolina, be rezoned.

Petitioner's property consists of four undeveloped tracts or parcels of land, all north of Club Boulevard and south of U.S. 70 By-pass and between Watts Street and Guess Road. Tract 1 (0.8 acre) and Tract 3 (3.5 acres), between Watts Street and Buchanan Boulevard (Extension), are now classified in R-8 (One Family Residence) Zone. Tract 2 (0.6 acre) and Tract 4 (1.2 acres), between Buchanan Boulevard (Extension) and Guess Road, are now classified in RA-16-24 (Apartment Residence) Zone. (Note: A lot or parcel of land now owned by petitioner lies between Tract 1 and Tract 3 and another such lot or parcel lies between Tract 2 and Tract 4.) At all times since the adoption in 1926 of the Durham Zoning Ordinance petitioner's said land has been zoned for residential purposes.

On June 28, 1960, petitioner, by letter to the City Planning and Zoning Commission (Commission), requested that her property be rezoned and classified in C-1 (Local Community Commercial) Zone. (Note: Thereafter she amended her request and asked that her property be classified in either C-1 Zone or in C-1A (Shopping Center Commercial) Zone. After consideration thereof at it meeting on July 19, 1960, the Commission recommended to the City Council of Durham (Council) that petitioner's request be denied. Thereafter, the Commission granted petitioner's motion for a reconsideration of her request.

On October 18, 1960, after a further hearing, the Commission again recommended to the Council that petitioner's request be denied.

On November 7, 1960, notwithstanding the Commission's recommendation, the Council voted to call a public meeting to hear and act upon petitioner's request. At this meeting, held November 21, 1960, petitioner amended her request by asking, in the alternative, that only Tract 3 be rezoned. Arguments in favor of petitioner's request were presented. Petitioner's request was opposed by an attorney appearing on behalf of Northgate Shopping Center, Inc., owner of adjacent property. At the conclusion of the hearing, the Council "denied petitioner's request for an ordinance rezoning her property."

On November 29, 1960, Clark (Heman R.), J., upon petitioner's application therefor, issued a writ of *certiorari* to the City Clerk reciting that petitioner had applied for such writ "to review the action of the City Council of the City of Durham in denying her requested amendment to the City Zoning Ordinance reclassifying her property on Watts Street to a commercial zone." The City Clerk was directed "to certify or cause to be certified and return to this Court the record in the said matter and to include in such record the minutes of the meeting of the City Council of November 21, 1960, and all affidavits, maps, plats, and all other evidence presented." A notice that petitioner would apply for such writ and a copy of the petition therefor were served on the Mayor.

On December 8, 1960, "the City of Durham, the City Council of the City of Durham, and the City Clerk of the City of Durham, appearing specially only for the purpose of the Motion and for no other purpose," moved that the proceeding be dismissed on the ground the Council's decision "not to pass an ordinance amending its zoning ordinance is not reviewable by the Courts by means of a Writ of Certiorari as a substitute for an appeal." This motion is signed by C. V. Jones as "Attorney for Respondents." It was denied October 20, 1961, by order of Clark (Heman R.), J., and respondents excepted. Thereafter, "the respondents, City of Durham, E. J. Evans, Mayor, Luther Barbour, Bascom Baynes, Walter Biggs, Mrs. R. O. Everett, Vance Fisher, Floyd Fletcher, James R. Hawkins, Charles Steele and J. S. Stewart, members of the City Council of the City of Durham, and Elsie N. Jones, City Clerk of said City," expressly reserving "all rights under their Motion to Dismiss Proceeding heretofore filed in this proceeding, and under the Exception duly noted to the action of the Court in overruling said motion and signing the order dated October 20, 1961," answered the allegations of the petition for writ of *certiorari*.

The cause was heard by McKinnon, J., "upon the record certified to this Court by the City Clerk of the CITY OF DURHAM pursuant to

a writ of Certiorari issued by Judge Heman Clark upon Petition for Writ of Certiorari heretofore filed as appears in the record, and upon stipulations of Counsel and facts included in such stipulations . . ." The judgment recites, *inter alia,* the following: "The Court being of the opinion that this case is properly to be considered upon the record of proceedings before the Planning and Zoning Commission of the City of Durham, and the record of proceedings before the City Council of the City of Durham, including the attached exhibits and the stipulations of Counsel, . . ." Again: "And the Court being of the opinion that upon the record the question of whether the decision of the City Council of the City of Durham in refusing to amend its zoning ordinance as requested by Petitioner is an unreasonable, arbitrary, or unequal exercise of power, or is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion, or contravenes the North Carolina or United States Constitutions, is fairly debatable and that the clear invalidity of the action of the City Council has not been shown . . ."

Judge McKinnon entered judgment as follows: "IT IS THEREFORE ORDERED that the Writ herein be dismissed and the action of the City Council is affirmed."

Petitioner excepted to said judgment and appealed. Her specific exception is in these words: "To the conclusion of the Court that upon the record as certified by the City Clerk of the City of Durham the question of whether the decision of the City Council of the City of Durham in refusing to amend its Zoning Ordinance as requested by the petitioner is an unreasonable, arbitrary, or unequal exercise of power, or is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion, or contravenes the North Carolina or United States Constitutions, is fairly debatable and that the clear invalidity of the action of the City Council has not been shown, THE PETITIONER OBJECTS AND EXCEPTS."

Respondents excepted and appealed. Their specific exception is in these words: "Respondents except to so much of the Judgment signed by the Court as holds that this case is properly considered upon the Writ of Certiorari and that the Court has jurisdiction to hear and determine the case upon such Writ. EXCEPTION OVERRULED, AND RESPONDENTS APPEAL to the Supreme Court of North Carolina from such ruling and from the Judgment of Heman Clark, Judge Superior Court, from which an exception was preserved as appears in the record."

*Blackwell M. Brogden and Charles B. Markham for petitioner.*
*Claude V. Jones for respondents.*

Bobbitt, J.  The question presented by respondents' appeal, as stated in the briefs, is this: "May a decision of the Durham City Council, reached after public hearing in accordance with the zoning ordinances and statutes, not to amend its existing zoning ordinance so as to change certain property located in Residence and Apartment Residence Zones to a Commercial Business Zone, be reviewed directly by the Superior Court by means of Certiorari directed to the City Council, in the absence of statutory provision for such procedure?"

"At common law and under the practice in most jurisdictions, the writ of certiorari will lie to review only those acts which are judicial or quasi judicial in their nature. It does not lie to review or annul any judgment or proceeding which is legislative, executive, or ministerial rather than judicial. The writ does not lie to review the action of an inferior tribunal or board in the exercise of purely legislative functions." 10 Am. Jur., Certiorari § 10; 14 C.J.S., Certiorari § 18(b).

The writ of *certiorari* issues only to review the judicial or quasi-judicial action of an inferior tribunal, commission or officer. *Pue v. Hood, Comr. of Banks,* 222 N.C. 310, 312, 22 S.E. 2d 896; *Belk's Department Store, Inc. v. Guilford County,* 222 N.C. 441, 23 S.E. 2d 897; *S. v. Simmington,* 235 N.C. 612, 613, 70 S.E. 2d 842; *Realty Co. v. Planning Board,* 243 N.C. 648, 655-656, 92 S.E. 2d 82.

The General Assembly has delegated to "the legislative body" of cities and incorporated towns the power to adopt zoning regulations and, from time to time, to amend or repeal such regulations. G.S. 160-172 *et seq.*; *Marren v. Gamble,* 237 N.C. 680, 75 S.E. 2d 880; *In re O'Neal,* 243 N.C. 714, 92 S.E. 2d 189.

The "legislative body" of the City of Durham is its City Council. "Municipal ordinances are ordained for local purposes in the exercise of a delegated legislative function . . ." *S. v. Freshwater,* 183 N.C. 762, 111 S.E. 161. "In enacting a zoning ordinance, a municipality is engaged in legislating . . ." *Marren v. Gamble, supra.* It may amend or repeal such ordinance only by acting legislatively. *Paliotto v. Harwood,* 217 N.Y.S. 2d 864. When acting upon a request for amendment of its zoning ordinance, the City Council of Durham acts in its legislative capacity and not in a judicial or quasi-judicial capacity.

In *Rheinhardt v. Yancey,* 241 N.C. 184, 84 S.E. 2d 655, the plaintiffs sought to restrain the members of the City Council of Gastonia from passing an ordinance relating to annexation. This Court, in ordering the temporary restraining order dissolved, said: "Ordinarily, equity deals with conduct, actual or threatened, not with how the members of legislative bodies vote. In reaching the conclusion stated, we are mindful of the importance of keeping in proper relation and in

careful balance the power and authority vested in our distinct, co-ordinate departments of government, legislative, executive and judicial; for, whatever may be the merits of plaintiffs' cause, a contrary rule would open the door to suits to restrain the adoption of ordinances to such extent as to interfere seriously with the proper functioning of the legislative body. Too, a contrary rule, if carried to its logical conclusion, would warrant, if sufficient facts were alleged, judicial restraint of members of the General Assembly from the passage of legislation alleged to be in conflict with provisions of our organic law. This cannot be done." It was held in *State v. Hardy* (La.), 157 So. 130, the court had no jurisdiction to hear a suit to restrain a city council from passing an amendment to its zoning ordinance reclassifying certain property in such manner as to permit its use for commercial purposes.

The legal principles stated in the quotation from *Rheinhardt* apply equally where the plaintiff seeks by mandamus or mandatory injunction to compel a municipal "legislative body" to enact, amend or repeal an ordinance relating to zoning. *Northwood Properties Co. v. Perkins* (Mich.), 39 N.W. 2d 25; *Paliotto v. Harwood, supra.* In *Northwood, the action* was for a writ of mandamus directing the defendant city inspector to issue to the plaintiff a building permit for the erection of multiple dwellings on certain property owned by the plaintiff and directing the defendant city, mayor, and city commissioners to amend the city zoning ordinance by changing said property from a residence "A" classification, in which single residences only were permitted, to a residence "B" classification where the erection of multiple dwellings was permitted. On the defendants' appeal, the judgment of the lower court ordering issuance of such writ was reversed. The court, in opinion by Dethmers, J., said: "While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so one way or another. (Citations) The court erred in seeking to compel the defendant mayor and city commission members to amend the ordinance."

"The courts may not interfere with or control a municipality's zoning power or direct zoning ordinances to be repealed, enacted, or amended." 101 C.J.S., Zoning § 323, pp. 1115-1116; *Randall v. Township Board of Meridian Township* (Mich.), 70 N.W. 2d 728; *Northwood Properties Co. v. Perkins, supra; Paliotto v. Harwood, supra; Schoenith v. City of South Miami* (Fla.), 121 So. 2d 810; *State v. Hardy* (La.), *supra; People v. City of Rockford* (Ill.), 87 N.E. 2d 660; *Dunbar v. City of Spartanburg* (S.C.), 85 S.E. 2d 281; *Lang v.*

*Town Council* (R.I.), 108 A. 2d 166; *Beauregard v. Town Council* (R.I.), 107 A. 2d 283; *Herzog v. City of Pocatello* (Idaho), 363 P. 2d 188; *Edward H. Snow Const. Co. v. City of Albuquerque* (N.M.), 333 P. 2d 877; *State v. City of Raytown* (Mo.), 289 S.W. 2d 153. In *Herzog*, after the Board of Commissioners had denied the owner's request that his property be rezoned, the owner (plaintiff) instituted "this action seeking to compel appellant city to permit respondents to use their said property for the purpose of constructing and maintaining an automobile service station thereon."

"In the absence of statutory authority therefor, certiorari usually is not a proper remedy to test the legislative action of a municipality as to zoning." 101 C.J.S., Zoning § 335. Specifically, it has been held that the refusal by a city council to amend the zoning ordinance to change the classification of specific property in accordance with the request of the owner was an exercise of its legislative function and not subject to judicial review on *certiorari. Dunbar v. City of Spartanburg, supra; Lang v. Town Council, supra; Beauregard v. Town Council, supra.* Upon like ground, it has been held that the enactment by a municipal legislative body of an ordinance rezoning property is not subject to judicial review on *certiorari. Edward H. Snow Const. Co. v. City of Albequerque, supra; State v. City of Raytown, supra.*

We are advertent to decisions in New Jersey in which it is held that *certiorari* is the appropriate remedy to test the reasonableness of a zoning ordinance. *Brown v. Terhune* (N.J.), 18 A. 2d 73. The New Jersey procedure as set forth in *Payne v. Borough of Sea Bright* (N.J.), 187 A. 627, is approved in *Eastern Boulevard Corporation v. Board of Com'rs of Town of West New York* (N.J.), 11 A. 2d 832. See also *Cliffside Park Realty Co. v. Borough of Cliffside Park* (N.J.), 114 A. 797. It would serve no useful purpose to discuss the distinctive features of the New Jersey procedure.

We have considered the decisions referred to in the excellent briefs filed in behalf of petitioner. However, we find no decision in New Jersey or elsewhere in which the failure of a city council to enact a proposed amendment to a zoning ordinance has been successfully challenged by *certiorari* or otherwise.

The Planning and Zoning Commission (G.S. 160-22 *et seq.* and G.S. 160-177) had no legislative, judicial or quasi-judicial power. Its report (recommendation) did not restrict or otherwse affect the legislative power of the City Council. The hearings before the Planning and Zoning Commission as well as the hearings before the City Council (G.S. 160-177 and G.S. 160-175) are required in order to afford "parties in interest and citizens" an opportunity to be heard with

reference to *proposed legislation*. Whether the zoning ordinance should be amended as requested by petitioner was for determination by the City Council in the exercise of its purely legislative function.

The Planning and Zoning Commission is separate and distinct from the Board of Adjustment appointed in accordance with G.S. 160-178. The Board of Adjustment "is clothed, if not with judicial, at least with *quasi*-judicial power, it being its duty to investigate facts and from its investigation to draw conclusions as a basis of official action and to exercise discretion of a judicial nature." *Harden v. Raleigh*, 192 N.C. 395, 135 S.E. 151; *Lee v. Board of Adjustment*, 226 N.C. 107, 37 S.E. 2d 128, 168 A.L.R. 1. Even so, it "is not a law-making body" and may not disregard zoning regulations adopted by the "legislative body," to wit, the City Council. "It can merely 'vary' them to prevent injustice when the strict letter of the provisions would work 'unnecessary hardship.'" *Lee v. Board of Adjustment, supra*. "Every decision of such board shall, however, be subject to review by proceedings in the nature of certiorari." G.S. 160-178; *In re Pine Hill Cemeteries, Inc.*, 219 N.C. 735, 15 S.E. 2d 1; *Lee v. Board of Adjustment, supra; Chambers v. Board of Adjustment*, 250 N.C. 194, 198, 108 S.E. 2d 211; *Jarrell v. Board of Adjustment*, 258 N.C. 476, 480, 128 S.E. 2d 879.

The statute (G.S. Chapter 160, Article 14) contains no provision for judicial review by *certiorari* or otherwise of the action of the "legislative body" of cities and towns with reference to the enactment, amendment or repeal of zoning regulations.

We have not overlooked *Bryan v. Sanford*, 244 N.C. 30, 92 S.E. 2d 420, where this Court, as stated correctly in the third headnote in our Reports, held: "Mandamus will lie to compel a municipality to zone one of four corners at an intersection in the same manner as it had zoned two other corners at the intersection, such action being a ministerial duty of the city under G.S. 160-173." In the specific factual situation described therein, G.S. 160-173 expressly deprives a city council of its legislative discretion and authority.

Pursuant to petitioner's request, hearings were held in accordance with statutory procedure. No action was instituted by petitioner against the City of Durham or against its Mayor or against the members of its City Council. Until the City Council refused to enact the (specific) ordinance submitted by petitioner, relating solely to petitioner's said property, petitioner sought to invoke the legislative powers of the City Council. Neither the City of Durham nor its Mayor nor the members of its City Council were in the position of adverse litigant. They were cast in this new role when the motion (under special appearance) to dismiss the writ of *certiorari* was overruled and

they were required to answer the allegations of the petition for *certiorari.*

For the reasons stated, we are of opinion, and so decide, that the court had no jurisdiction to review on *certiorari* or otherwise the City Council's failure to amend the zoning ordinance as requested by petitioner. The said motion of "respondents" should have been allowed. The court was in error in undertaking to pass upon the "merits" of petitioner's asserted grievance. Hence, the judgment affirming *the action* (in refusing to enact the requested ordinance) of the City Council is vacated; and the proceeding is remanded to the superior court for entry of an order dismissing the writ of *certiorari* and the petition therefor.

The real controversy would seem to be whether the zoning ordinance now in effect is invalid as to petitioner's property. Appropriate procedures are available for a judicial determination thereof. *Clinard v. Winston-Salem,* 217 N.C. 119, 6 S.E. 2d 867, 126 A.L.R. 634; *Raleigh v. Morand,* 247 N.C. 363, 100 S.E. 2d 870; *Penny v. Durham,* 249 N.C. 596, 107 S.E. 2d 72; *Helms v. Charlotte,* 255 N.C. 647, 122 S.E. 2d 817.

Error and remanded.