Joseph A. GAMBINO and Anthony J. Gambino, Appellants,

v.

Bill CARPENTER, Mayor, and Members of the City Council, Victor Callahan, James Ruhlman, Penny Bennett, Lyle Weeks, Bill McDonald and Dr. Robert Clothier, Respondents.

No. WD 46736.

Missouri Court of Appeals, Western District.

April 13, 1993.

Michael J. Englert, Independence, for appellants.

Matthew V. Bartle, Kansas City, for respondents.

Before SMART, P.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

Appellants, Joseph A. Gambino and Anthony J. Gambino, appeal the dismissal of their cause of action by the trial court. The respondents are the Mayor and members of the City Council of Independence, Missouri.

The Gambinos sought to have property they owned in the City of Independence rezoned from residential to commercial use. A rezoning of property within the City of Independence requires the enactment of a new zoning ordinance in relation to the subject property. In accordance with the Independence zoning ordinances, the Gambinos filed an application with the City Planning Commission (CPC) to rezone their property for commercial use. The CPC recommended approval and the application was then presented to the City Council for consideration. The City Council voted to deny the request.

The Gambinos then sought to overturn the City Council's decision by filing a Petition for Writ of Certiorari pursuant to section 89.110, RSMo 1986.[1] The respondents sought dismissal of the action alleging in their motion that section 89.110 does not authorize review of the Council's legislative decision denying the Gambinos' rezoning request, and that the petition did not include the City which is an indispensable party. The trial court dismissed the action without prejudice and the Gambinos brought this appeal.

■ This case is disposed of on appeal on the Gambinos' argument that the trial court erred in dismissing their petition because a Petition for Writ of Certiorari pursuant to section 89.110 is the proper method of review for the denial of a rezoning request. We disagree with the Gambinos and we further find that the judgment of the trial court was not a final appealable order.

Zoning, rezoning, and refusals to rezone are legislative acts. *Erigan Co. v. Town of Grantwood Village,* 632 S.W.2d 495, 496 (Mo.App.1982). The proper method to challenge a legislative decision is in an action for declaratory judgment. *Temple Stephens Co. v. Westenhaver,* 776 S.W.2d 438, 440 (Mo.App.1989). In contrast, administrative decisions by boards of adjustment and similar agencies, which do not make new law but simply enforce or interpret existing law, are reviewable under section 89.110. *Id.*

Section 89.110 does not authorize review of legislative zoning decisions. *State ex rel. Croy v. City of Raytown,* 289 S.W.2d 153, 156–57 (Mo.App.1956). A motion to dismiss such an action is properly sustained. *Id.* at 157.

Even though their action was dismissed without prejudice, which would ordinarily render the judgment not to be a final judgment subject to appeal, *State ex rel. Kessler v. Shay,* 820 S.W.2d 311, 313 (Mo.App. 1991), the Gambinos argue that the judgment is final for purpose of appeal because section 89.110 only allows 30 days to file a petition for review after the decision sought to be reviewed is filed. The Gambinos represent that the 30 day period has lapsed barring refiling and, therefore, the decision acted as a dismissal with prejudice. Given our decision herein affirming that section 89.110 is not applicable, the Gambinos' argument that they are barred from refiling under section 89.110 is not valid. The dismissal was without prejudice and, therefore, the Gambinos were not barred from filing a proper action for declaratory judgment.

Since the judgment of the trial court was not a final appealable order, this appeal is dismissed.

All concur.

■

1. All statutory references are to RSMo 1986.