IN THE MATTER OF PINE HILL CEMETERIES, INCORPORATED.

(Filed 31 May, 1941.)

**1. Municipal Corporations § 40—**

The procedure to obtain a review by the courts of an order of a municipal board of adjustment relative to the enforcement of zoning ordinances is by *certiorari*, sec. 7, ch. 250, Public Laws 1923.

**2. Same—**

A municipal board of adjustment, when sitting as a body to review a decision of the building inspector relative to the enforcement of zoning ordinances, is a body with judicial or *quasi*-judicial and discretionary powers, and its findings of fact upon controverted questions of fact pre-

sented by the appeal are conclusive upon review by the Superior Court when the findings are made in good faith and are supported by evidence.

**3. Same—**

In reviewing an order entered by a municipal board of adjustment relative to the enforcement of a zoning ordinance, the Superior Court is an appellate court with jurisdiction to review questions of law and legal inference only, and it may not substitute its judgment for, or undertake to exercise discretion vested by law in, the board, and, the record being complete, may not order the board to reopen or rehear for the consideration of additional evidence, or require the board to enter a new determination in the absence of clear legal error or oppressive and manifest abuse of discretion by the board.

APPEAL by respondent, Pine Hill Cemeteries, Incorporated, from *Carr, J.,* at March Term, 1941. Error and remanded.

In May, 1926, the city of Durham, under authority contained in ch. 250, Public Laws 1923, adopted a comprehensive zoning ordinance. That portion of the land within the eastern part of the city which embraces lands owned by the petitioner and by the respondent were placed in a residence district. The respondent owns 27.58 acres of land within the district. It asserts that this property had been set apart and dedicated for cemetery purposes prior to the enactment of the zoning ordinance. The petitioner, J. L. Morehead, owns property within the district adjoining that of the respondent.

On 8 November, 1940, the respondent applied for a certificate of occupancy for the continued use of its land within said residence district in the city of Durham, asserting that such land was dedicated to a nonconforming use prior to the enactment of the ordinance. The building inspector declined to issue the certificate and respondent appealed to the board of adjustment. After a full hearing upon public notice, the board of adjustment found certain facts upon which it reversed the decision of the building inspector and directed the issuance of a certificate of occupancy. The petitioner, J. L. Morehead, appeared at the public hearing, offered evidence and resisted the granting of the certificate.

Upon the entry of the order of the board of adjustment, said Morehead applied to the Superior Court for a writ of *certiorari,* which was granted.

When the cause came on for hearing in the court below the petitioner moved the court (1) that it hear additional evidence and find additional facts; (2) that he be allowed to cross-examine one Walter B. Markham; (3) that he be allowed to introduce newly discovered evidence. He further moved that in the event the foregoing motions were disallowed, then that the court re-refer the entire matter to the board of adjustment with instructions to take further evidence and find such further facts as may be found therefrom and to recall Walter B. Markham for examination.

The court, "being of the opinion that for a proper determination of the matters in controversy it is necessary that the testimony be specifically correlated to the exhibits so as to show the type of land adjoining the proposed cemetery and that additional evidence be taken," ordered that this entire matter be referred to the adjustment board of the city of Durham to correlate the testimony and exhibits and to permit the parties to produce newly discovered evidence and witnesses relative to the controversy and to the matters and things set forth in the affidavit of Walter B. Markham. It further ordered that "upon rehearing, the adjustment board is directed to determine facts upon all the evidence and enter a new determination." The respondent Pine Hill Cemeteries, Incorporated, appealed.

*W. L. Foushee and Marshall T. Spears for respondent, appellant.*
*Albert W. Kennon, Jr., and J. L. Morehead for petitioner, appellee.*

BARNHILL, J.   The act, ch. 250, Public Laws 1923, which authorizes cities and towns to adopt zoning ordinances and to provide machinery for the enforcement thereof makes no provision for an appeal from a determination by the board of adjustment to the courts. It does provide, in sec. 7 thereof, that "every decision of such board shall, however, be subject to review by proceedings in the nature of *certiorari*." It follows that petitioner has adopted the proper procedure.

The writ of *certiorari,* as permitted by the zoning ordinance statute, is a writ to bring the matter before the court, upon the evidence presented by the record itself, for review of alleged errors of law. It does not lie to review questions of fact to be determined by evidence outside the record.   5 R. C. L., 253; *Williams v. Williams,* 71 N. C., 427.   Petitioner so understood when he filed his petition in which he asserts, in substance, that there was error in law in that (1) the board of adjustment is without jurisdiction to authorize the use of the tract of land owned by the respondent for the construction and maintenance of the cemetery or as an extension of its present cemetery; (2) that it is without jurisdiction to vary any requirement of the zoning ordinance relative to the use of land within the residence zone; (3) that there was error in the conclusion of the board that the use of the land of the respondent is an extension of a nonconforming use and the use thereof within the residence zone is not permitted by the ordinance; (4) that said board exceeded its authority which is limited to the right to determine and vary the application of the regulations of the zoning ordinance in specific cases in harmony with the general purposes and intent of the regulations prescribed in and by the zoning ordinance; and (5) the action of the

board constituted a change in boundaries of a residence district without foundation of law.

The board of adjustment is an administrative body. It is authorized to hear and decide appeals from and review any order, requirement, decision or determination made by the building inspector or other administrative official charged with the enforcement of zoning ordinances. Sec. 7, ch. 250, Public Laws 1923. When sitting as a body to review a decision of the building inspector it is vested with judicial or *quasi*-judicial and discretionary powers. *Harden v. Raleigh,* 192 N. C., 395, 135 S. E., 151. Its decisions are final subject to the right of the courts to review errors in law and to give relief against its orders which are arbitrary, oppressive or attended with manifest abuse of authority. *Harden v. Raleigh, supra; In re Appeal of Parker,* 214 N. C., 51, 197 S. E., 706.

Speaking to the subject in *Harden v. Raleigh, supra, Adams, J.,* says: "*Quasi*-judicial functions, when exercised, not arbitrarily, but in subordination to a uniform rule prescribed by statute, ordinarily are not subject to judicial control. It is only in extreme cases, those which are arbitrary, oppressive or attended with manifest abuse, that the courts will interfere. In *Rosenthal v. Goldsboro,* 149 N. C., 128, it is said: 'it may now be considered as established with us that our courts will always be most reluctant to interfere with these municipal governments in the exercise of discretionary powers conferred upon them for the public weal, and will never do so unless their action should be so clearly unreasonable as to amount to an oppressive and manifest abuse of their discretion.'" See also cases cited in *Rosenthal's case, supra.*

The duties of the building inspector being administrative, appeals from him to the board of adjustment present controverted questions of fact—not issues of fact. Hence it is that the findings of the board, when made in good faith and supported by evidence, are final. *Little v. Raleigh,* 195 N. C., 793. Such findings of fact are not subject to review by the courts. They are *res judicata* even upon a petition to the board of adjustment to reopen and rehear upon the same evidence. *Little v. Raleigh, supra.*

While it may be that the board has authority, on proper showing, to reopen or rehear for the consideration of additional evidence, it has the exclusive right to determine when and upon what conditions this shall be done. The court will not substitute its judgment for that of the board. Nor will it undertake to exercise discretion vested by law in the board.

Furthermore, in the hearing below on the writ of *certiorari,* the judge was sitting as an appellate court. As such, he was authorized to review questions of law and legal inference arising on the record. The broad discretionary powers vested in him as a trial judge were absent.

It follows that the court below was without authority to remand the

cause for a rehearing except for errors of law committed by the board. Nor could he require the board to enter a new determination in the absence of clear legal error or oppressive and manifest abuse of discretion.

As there is no suggestion that the record is not complete, including all of the evidence and the exhibits, the questions of law presented by the writ of *certiorari* should be determined by the court below on the record as sent up by the board. If it does not sufficiently disclose error in law or action so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion, the action of the board should be affirmed and the writ dismissed.

Error and remanded.