A. L. JARRELL v.
BOARD OF ADJUSTMENT FOR CITY OF HIGH POINT.

(Filed 11 January 1963.)

1. **Municipal Corporations § 26; Administrative Law § 4—**

   Provisions for review of decision of a municipal board of adjustment denying petitioner's claim of right as a matter of law to continue a nonconforming use under the provisions of the municipal zoning ordinance, G.S. 160-178, must be equal to that provided by G.S. 143-307 in order to constitute adequate provision for judicial review.

2. **Municipal Corporations § 25; Administrative Law § 3—**

   While a hearing of a municipal administrative board in determining a claim of legal right upon controverted questions of fact may be informal, such hearing must be governed by established rules of procedure applicable generally to administrative tribunals, and no essential element of a fair trial can be dispensed with, and the board may not over the objection of petitioner base its findings upon hearsay evidence or the unsworn statements of witnesses.

3. **Municipal Corporations § 26; Administrative Law § 4—**

   Where the findings of fact of an administrative board in a hearing upon a claim of right to use property for certain purposes under the zoning ordinance of a city are not based on competent evidence, the proceedings must be remanded.

APPEAL by petitioner from *Crissman, J.,* April 30, 1962 Civil Term of GUILFORD, High Point Division.

Miss Annie Lee Jarrell, referred to herein as petitioner, applied for and obtained a writ of *certiorari* to review a decision of the High Point Zoning Board of Adjustment (hereafter referred to as Board) with reference to her property at 709 Centennial Avenue, High Point, within the area zoned as Residence A-2 District. The hearing before Judge Crissman was on a record of the proceedings before the Board as certified by the "Director of Planning," who, as "Executive Secretary," signed (along with the chairman) the minutes of the meetings of the Board.

The record shows the Building Inspector, under date of August 22, 1961, wrote Charles Jarrell as follows:

"On August 4, 1961, you secured a permit from this office in the name of Miss Annie Lee Jarrell, to make certain alterations and add a bathroom at 709 Centennial Avenue. You stated at that time your intention to rent this house to two (2) families and further stated that it had been rented as a two (2) family residence almost continuously for twenty-five (25) years. It is true there are two (2) sinks and according to information two (2) families has (*sic*) occupied this house at one time or another in the past.

"The matter has been brought before this office in the form of signed affidavits that in the more recent years this house has been occupied by only one family. According to Section 22-24, Subsection (E) of the High Point Zoning Ordinance, states that when the non-conforming use of a building has been discontinued for one year, such non-conforming use shall not be re-established. On the basis of these affidavits and the information that has come to me, in my opinion to re-establish this house as a two (2) family residence, it would be in violation of the Zoning Ordinance, and such use could not be permitted.

"Under Section 22-58, Sub-section (N), the Board of Adjustment has the authority to permit the resumption of the non-conforming use, and I would suggest that you exercise your right in appealing my decision to the Board of Adjustment for further clarification of this matter. I respectfully solicit your cooperation in this matter."

The record shows that, under date of December 1, 1961, petitioner, by Harriss H. Jarrell, her attorney, gave notice of appeal from said ruling of the Building Inspector.

The record consists largely of the minutes of the meetings of the Board of Adjustment held December 14, 1961, December 28, 1961,

January 11, 1962, and January 25, 1962. A brief narrative of the gist of statements of several persons who appeared before the Board of Adjustment, including counsel for petitioner and counsel for protestants, is included in the minutes. In addition, certain affidavits are included in the record. The said statements and affidavits relate principally to (1) the original room arrangement of the six-room dwelling, (2) recent structural alterations, and (3) by whom and under what arrangement the house had been occupied from time to time across the years.

In said meetings, B. C. Denning, who resided at 711 Centennial Avenue, and (apparently) others, herein referred to as protestants, appearing in person and by counsel, opposed petitioner's asserted right to use her property as a two-family residence.

The minutes of the January 25, 1962, meeting of the Board conclude as follows:

"The Board of Adjustment, having heard evidence in the form of verbal testimony, affidavits, letters and records, over a period of four sessions, felt that it was time to make a determination on this matter. The Board has permitted contending sides to introduce voluminous records and testimony without attempting to place any restriction of the basic law of evidence upon what they wanted to present to the Board. Much of the evidence which has been placed into the record is conflicting. The Board was of the opinion that the one basic question to be determined was 'What was the existing use of the premises on 18 November 1947 when the present Zoning Ordinance went into effect?' When this question was determined, the Board would proceed with the question of whether or not the Board under Section 22.58(n) was to determine whether the non-conforming use would be resumed.

"The Board found as a fact: (1) that from the evidence and testimony relating to the use of property by Mr. E. N. Collins, the property was being used and occupied as a single-family unit by him in a single-family area when the present Zoning Ordinance was enacted on 18 November 1947 and was so occupied during the years 1946, 1947 and 1948 and (2) having found the property was not occupied by a non-conforming use when the ordinance went into effect, the Board was without power to grant a non-conforming use of the property as a two-family house in a one-family residential area."

The judgment of Judge Crissman recites, *inter alia*, that the court, after "having reviewed thoroughly the record of the Board of Adjust-

ment," found the evidence sufficient to support its findings, "and having concluded that said Board of Adjustment, as a quasi judicial body, has not acted arbitrarily, oppressively, or with abuse, and that said Board of Adjustment could have found the facts as contended by the petitioner or contrary to the petitioner's contention, thus making such findings conclusive"; and thereupon it was "ORDERED, ADJUDGED AND DECREED THAT the findings of fact in the order of the Board of Adjustment of the City of High Point be and the same are hereby sustained."

Petitioner excepted and appealed.

*Harriss H. Jarrell for petitioner appellant.*
*J. W. Clontz and W. Edmund Lowe for respondent appellee.*

BOBBITT, J.   We cannot determine to what extent, if any, a provision identifiable as "Section 22.58 (n)" of a zoning ordinance is relevant. No ordinance provision so identified appears in the record.

The record contains references to the "original Zoning Ordinance" of March 18, 1926, and to the Zoning Ordinance of November 18, 1947; but these ordinances, with the exception hereafter noted, do not appear in the record. The only ordinance provisions in the record are two excerpts, each relating solely to "nonconforming uses," one apparently from an ordinance adopted in November, 1947, and the other apparently from an ordinance adopted October 7, 1958.

It may be implied that an ordinance prohibits a duplex or two-family residence in the area designated therein as "Residence A-2 District" unless permitted as "a nonconforming use." However, no such ordinance provision appears in the record. Absent evidence of its exact terms, it would be inappropriate to base decision on such ordinance provision.

The Board found as a fact that petitioner's property was being used and occupied as a single-family unit in a single-family area by E. N. Collins "when the present Zoning Ordinance was enacted on 18 November 1947 and was so occupied during the years 1946, 1947 and 1948"; and the Board's decision is based wholly on said finding of fact. In the petition for writ of *certiorari,* and also by exceptions to the court's judgment, petitioner has challenged and now challenges said finding of fact as unsupported by competent evidence.

It is noted that the court recognized that the evidence offered in her behalf, if accepted, would have supported a finding of fact in favor of petitioner.

"The duties of the building inspector being administrative, appeals from him to the board of adjustment present controverted questions of

fact—not issues of fact. Hence it is that the findings of the board, when made in good faith and supported by evidence, are final. *Little v. Raleigh*, 195 N.C. 793. Such findings of fact are not subject to review by the courts." *In re Pine Hill Cemeteries, Inc.*, 219 N.C. 735, 15 S.E. 2d 1; *In re Appeal of Hasting*, 252 N.C. 327, 113 S.E. 2d 433.

G.S. 160-178, in part, provides: "Every decision of such board shall, however, be subject to review by proceedings in the nature of certiorari." "The writ of *certiorari*, as permitted by the zoning ordinance statute, is a writ to bring the matter before the court, upon the evidence presented by the record itself." *In re Pine Hill Cemeteries, supra; Chambers v. Board of Adjustment*, 250 N.C. 194, 199, 108 S.E. 2d 211.

G.S. 143-307, in part, provides: "Any person who is aggrieved by a final administrative decision, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this article, unless adequate procedure for judicial review is provided by some other statute, in which case the review shall be under such other statute." While G.S. 160-178 provides expressly for a review "by proceedings in the nature of certiorari," this is an "adequate procedure for judicial review" only if the scope of review is equal to that under G.S. Chapter 143, Article 33, 143-306 *et seq.*

The Board based its decision solely upon its finding that Collins used and occupied the property as a single family unit during 1946, 1947 and 1948. Our inquiry is to ascertain the evidential basis, if any, for this finding.

Whether the pertinent High Point Zoning Ordinance prescribes the procedure for the conduct of hearings by the Board does not appear. If not, the hearings must be governed by established rules of procedure applicable generally to administrative tribunals. *Flick v. Gately (Ill.)*, 65 N.E. 2d 137.

The persons who made statements at meetings of the Board were not sworn. References in the unsworn statements of certain of these persons as to when and under what circumstances the property was occupied by Collins are brief and vague. However, the Board considered the following: (1) An affidavit that Collins was listed in the High Point City Directory for the years 1944-1948, inclusive, as residing at 709 Centennial Avenue; (2) an affidavit of Mr. Clontz, counsel for protestants, to the effect that Mr. and Mrs. Collins had advised him by telephone that some other people lived with them at 709 Centennial Avenue "at various times from 1941 until 1946, but that during the years 1946, 1947, and through May of 1948, they were the only family in said dwelling house"; and (3) a letter dated January 1, 1962, from Collins to W. Edmund Lowe, counsel for protestants, which was read

by the Chairman of the Board at the January 25, 1962, meeting. Petitioner excepted to the admission and consideration of the Clontz affidavit and the Collins letter.

"While a hearing of this nature may be more or less informal, and technical legal rules of evidence and procedure may be disregarded, no essential element of a fair trial can be dispensed with. The party whose rights are being determined must be given the opportunity to cross-examine witnesses, inspect documents and offer evidence in explanation and rebuttal." *Branch v. Board of Trustees,* 141 N.Y.S. 2d 477; 101 C.J.S., Zoning § 213.

The conclusion reached is that the finding of fact upon which the Board based its decision is "(u)nsupported by *competent,* material, and *substantial* evidence in view of the entire record as submitted." (Our italics) G.S. 143-315(5). Obviously, the Clontz affidavit and the Collins letter were incompetent. Moreover, mindful that "(t)he right to a nonconforming use is a property right," *Brown v. Gerhardt (Ill.),* 125 N.E. 2d 53, 56, it is our opinion, and we so hold, that, absent stipulations or waiver, a board of adjustment may not base critical findings of fact *as to the existence or nonexistence of a nonconforming use* on unsworn statements. *Flick v. Gately, supra.*

We are not presently concerned with questions as to what procedures are appropriate or essential at a hearing for consideration of a petition addressed to the discretion of a board of adjustment. Here, petitioner asserts *a legal right* to a nonconforming use. Whether she has such legal right depends upon factual findings. In our view, in the determination of such factual findings unsworn statements may not be considered either competent or substantial. Absent statutory provision authorizing the chairman or other official of the board of adjustment to administer oaths to witnesses, this must be done by an authorized official.

As to the form and contents of administrative findings, see 42 Am. Jur., Public Administrative Law § 151.

For the reasons stated, the judgment of the court below is vacated; and the cause is remanded for entry of an order setting aside the findings of fact and conclusions of law made by the Board at its January 25, 1962, meeting and directing that a further hearing be held by the Board for a determination, on competent and substantial evidence, of petitioner's asserted rights.

Error and remanded.