JOHN P. CRAVER AND WIFE, DORETHA K. CRAVER, PETITIONERS, v. ZONING BOARD OF ADJUSTMENT OF THE CITY OF WINSTON-SALEM; AMOS SPEAS; J. A. HANCOCK; ROY SETZER; WILLIAM F. THOMAS; A. T. HARRINGTON; AND C. C. SMITHDEAL, JR., RESPONDENTS.

(Filed 13 April, 1966.)

1. **Municipal Corporations § 25—**

An application for a special permit invokes the discretion of the Zoning Board, while an application for a permit as a matter of right under the zoning regulations usually involves controverted questions of fact ordinarily to be found by the Board from sworn testimony.

2. **Same—**

Where the applicant for a special permit files an unverified petition and, without being sworn, explains in detail the circumstances upon which he bases his application and makes no request that those opposing his application be sworn, he may not thereafter complain that those objecting to the special permit were heard by unverified petition containing statements not under oath and were not present for cross-examination.

3. **Municipal Corporations § 26—**

Where the record discloses that full discussions took place before the Zoning Board upon petitioner's application for a special permit, that applicant was not denied opportunity to present any and all facts pertinent to the inquiry, and that the Board in its discretion denied the application and considered all new information in applicant's request for a rehearing before denying same, applicant's contention that the record before the Board was not sufficiently comprehensive to permit the Superior Court on appeal to determine whether the Board had acted arbitrarily or had committed errors of law in denying the permit, is untenable.

4. **Municipal Corporations § 25—**

An applicant for a special permit may not contend that the provision of the zoning ordinance for the granting or denying of special permits is too vague and indefinite to be followed, since if such provision is void for indefiniteness the municipal board is without authority to issue the permit and petitioners are subject to the terms of the ordinance prohibiting the use requested.

**5. Same—**

A special permit is not a legal right but is a concession in exceptional cases which a zoning board, in the exercise of its discretion, may grant or refuse, subject to court review. G.S. 160-178.

MOORE, J., not sitting.

APPEAL by petitioners John P. Craver and wife, from *Lupton, J.,* November 15, 1965 Civil Session, FORSYTH Superior Court.

The petitioners originated this proceeding by application to the Zoning Board of Adjustment for a variance or special use permit "(T)o park a mobile home on a separate lot located on the south side of Friedland Church Road between High Point Road and Ridgewood Road. Property is zoned Rural." The petitioners filed a "plot plan" drawn to scale (showing the layout) and designating the owners of adjoining property.

At the hearing on the petition, the building inspector stated the petitioners had parked "a mobile home on a lot with existing dwelling . . . in a Rural district" in violation of the zoning ordinance.

The inspector gave the petitioners notice of the violation. Immediately they filed with the Board the application for the special use permit. Mr. Craver stated to the Zoning Board that his lot contained approximately two acres; that his wife's grandparents lived in the trailer on a temporary basis, spending most of their time in Florida. The trailer was hooked up to the petitioners' water pump and septic tank. The adjoining property owners and members of the nearby church filed a written objection to the permit. At the hearing, Mr. Craver explained at length his reason for the application and why it should be granted. Mr. Hines appeared and made a statement in opposition. Others filed written objection. The minutes of the meeting are rather full, including inquiries by members of the Board and the answers given by Mr. Craver and Mr. Hines. The Board by unanimous vote denied the permit, and thereafter denied a petition to rehear.

The petitioners applied to the Superior Court for and obtained a writ of *certiorari* to review the proceedings. Pursuant to the writ, the respondents certified to the Superior Court "the complete record of the proceedings before the Zoning Board of Adjustment with respect to the application of the petitioners."

On review, Judge Lupton found the Zoning Board of Adjustment had "afforded a full and fair hearing," had acted within its discretion in denying the permit; that the Board's action was not arbitrary or oppressive, or attended with manifest abuse of authority, and entered an order affirming the Board's denial of the permit and dismissing the proceeding. The petitioners appealed.

*Harold R. Wilson, Edward R. Green for petitioner appellants.*
*Womble, Carlyle, Sandridge & Rice by W. F. Womble for respondent appellees.*

HIGGINS, J.  The petitioners assign three grounds upon the basis of which they contend the judgment of the Superior Court should be reversed: (1) The hearing before the Board was based upon statements not under oath and those objecting to the special permit were heard by unverified petition and were not present for cross-examination; (2) the record of the hearing before the Board was not sufficiently comprehensive to permit the court to determine whether the Board had acted arbitrarily or had committed errors of law in denying the permit; (3) the standards set up by the Zoning ordinance are too vague and indefinite for the Board of Adjustment to follow in granting or denying a special use permit.

The appellants contend the Board of Adjustment in passing on a request for a special use permit must base its decision on testimony taken in an open hearing under oath "affording the parties the right to cross-examine." For support they rely on this Court's decision in *Jarrell v. Board of Adjustment,* 258 N.C. 476, 128 S.E. 2d 879. In *Jarrell* the zoning board was required to find as a fact whether on the day the zoning ordinance became effective the petitioner's property was in use as a one family or as a two family unit — if a two family unit, the owner had the right to continue its use as such — if a one family unit the owner was in violation of the ordinance by using it for two families. The dispute presented a question of fact. The finding involved a property right. The courts are bound by the findings if supported by competent, material and substantial evidence. Obviously, when material findings of fact must be made on conflicting testimony, witnesses should be sworn. To that end G.S. 160-178 authorizes the chairman or acting chairman of the board "to administer oaths to the witnesses in any matter coming before the board." However, by voluntary participation in a hearing, a party may waive the right to insist that the witnesses should be under oath.

The petition now involved is addressed to the discretion of the Board. The petitioners are charged with the duty of presenting facts sufficient to warrant the Board in issuing the special use permit. The petition was not verified. The petitioner, Mr. Craver, according to the minutes, presented a "plot plan," explained in detail that his wife's grandparents wanted to live near her in the summer, and return to Florida in winter. Mr. Craver was not sworn as a witness. He made no request that any of those objecting to the permit be

sworn or that they be called for cross-examination. Mr. Craver, therefore, is not in a favorable position to complain that the objectors were not sworn and not available for his cross-examination.

The record discloses full discussions took place before the Board, participated in by Mr. Craver on behalf of the petitioners, and by Mr. Hines on behalf of those opposed. The proceedings were informal, made so by Mr. Craver's lead, and continued in the same vein without his objection. The burden is on the petitioners to show merit in the application. If only sworn testimony may be considered, they offered nothing to support the application. The first assignment of error is not sustained.

The record shows that after the original proceeding Mr. Craver filed a request for reconsideration upon the basis of additional information set forth in the petition. That petition was not verified. The Board, after considering the new information in the request, denied a rehearing. The petitioner appellants even now do not allege they were denied opportunity to present any and all facts pertinent to the inquiry. The Board's minutes show the Board considered all matters presented and, in its discretion, denied the application. The petitioners, having invoked the jurisdiction of the Board, are not in a position to challenge that jurisdiction. *Convent v. Winston-Salem,* 243 N.C. 316, 90 S.E. 2d 879. The petitioners' second assignment of error is not sustained.

It is difficult to understand why and for what purpose the petitioners challenge the zoning ordinance as being too vague and indefinite to be followed "in granting or denying a special use permit." If the provision for such permit is void for indefiniteness, then the Board is without authority to issue it and the petitioners are subject to the terms of the ordinance, which does not permit the use. A special permit is not a legal right but is a concession in exceptional cases which the Board, in the exercise of its discretion, may grant, subject to court review. G.S. 160-178; *Austin v. Brunnemer,* 266 N.C. 697, 147 S.E. 2d 182; *Schloss v. Jamison,* 262 N.C. 108, 136 S.E. 2d 691; *In Re Pine Hill Cemeteries, Inc.,* 219 N.C. 735, 15 S.E. 2d 1. The petitioners' third assignment of error is not sustained.

The judgment of the Superior Court is
Affirmed.

MOORE, J., not sitting.