FRANK H. KENAN, PETITIONER v. BOARD OF ADJUSTMENT OF THE TOWN OF CHAPEL HILL, F. W. HENGEVELD, WERNER HAUSLER, FREDDIE MERRITT, WALLACE WILLIAMS, DR. ROBERT H. FREY, REED J. McCRACKEN, KATHERINE KLINGBERG, DAVID SHAW, JOHN E. EVANS, AND MARION R. ALEXANDER, RESPONDENTS

No. 7215SC272

(Filed 29 March 1972)

1. Municipal Corporations § 30— special use permit — decision by Board of Adjustment — legislative power

Where a municipal ordinance required the Board of Adjustment to issue a special use permit when it made certain affirmative findings specified in the ordinance, the Board's determination of whether to issue a special use permit was not an unlawful exercise of legislative power in violation of Article II, Section 1, of the N. C. Constitution.

2. Municipal Corporations § 30— denial of special use permit — insufficiency of applicant's evidence

The record supports the Board of Adjustment's denial of a special use permit for construction of a self-service gas station on the ground that the applicant had failed to produce sufficient evidence for the Board to make the findings required for issuance of such a permit.

APPEAL by petitioner from *Hobgood, Judge,* at the 20 September 1971 Civil Session of ORANGE County Superior Court.

The petitioner, Frank H. Kenan, is the owner of certain property located at 112 West Franklin Street in the downtown area of Chapel Hill, North Carolina. The property has been used as an automobile service station for a number of years.

On January 15, 1971, petitioner submitted an application for a special use permit under Section 4, Special Use Permits,

of the Ordinance Providing for the Zoning of Chapel Hill and Surrounding Areas (ordinance) for the construction of a self-service gasoline station to replace the existing service station. Fees were paid and documents were submitted in support of the application.

A special joint meeting of the Design Review Committee and the Community Appearance Commission was held on January 15, 1971 to consider petitioner's application. A memorandum was issued from this meeting finding, with certain recommendations, that there was no objection to the plans submitted by petitioner.

Pursuant to the requirements of the Ordinance, Section 4-B-1, a public hearing was conducted before the Zoning Board of Adjustment on February 1, 1971.

The petitioner presented a plan for the demolition of the present structure and its replacement by an open drive-in structure containing 10 self-service gasoline pumps and an office to remotely control each pump's operation. A landscape plan and a sign plan were presented. In response to questions by the Board, a Mr. Mallard, representing Kenan Oil Co., testified that in his opinion no traffic study was necessary because the size of the facility would eliminate traffic buildups on the public street. He testified that the facility would be open 24 hours a day and that an attendant would be on duty at all times. There was further testimony as to curbs, trash facilities, parking and observance of church hours. Testimony in opposition to issuance of a permit was heard from a number of citizens. At the request of the Planning Board the application was referred to that Board for study and recommendations prior to final action.

The Planning Board met on February 2, 1971, and considered petitioner's application. The Planning Board recommended that the application be denied for reasons which can be summarized as follows:

1. The proposal would be detrimental to public safety on two counts:

    a. Operation of the self-service gasoline pumps 24 hours a day with only one attendant would constitute a fire hazard in the central business district.

    b. The additional traffic generated by the facility would materially increase the congestion and danger in an already congested and dangerous traffic situation.

  2. The use is not a public necessity.

  3. The use is not in conformity with the expressed intent of the Planning Board and the Board of Aldermen to develop this portion of Franklin Street as a pedestrian-oriented area.

The Zoning Board of Adjustment met again on February 15, 1971, and received the report of the Planning Board. After consideration in executive session, the Board of Adjustment made the following findings of fact:

"(1) The Board found that on the evidence presented it was unable to find that the use will not materially endanger the public health or safety if located where proposed and developed according to the plan as submitted and approved.

(2) The Board found that the use meets the required conditions and specifications.

(3) The Board found that it was unable to determine that the use will not substantially injure the value of adjoining or abutting properties, and the Board found further that the use was not a public necessity.

(4) The Board found that it was unable to determine on the evidence that the location and character of the use, if developed according to the plan as submitted and approved, will be in general conformity with the plan of development of Chapel Hill and its Environs."

The application of petitioner for a special use permit was denied.

Kenan petitioned the Superior Court of Orange County for a writ of certiorari. The writ was issued and the cause was heard before Judge Hobgood. The judge made findings of fact and conclusions of law in favor of respondents and sustained the decision of the Board of Adjustment.

From this judgment, the petitioner appeals.

*Manning, Allen & Hudson by James Allen, Jr., for petitioner appellants.*

*Haywood, Denny & Miller by Emery B. Denny, Jr., for respondent appellees.*

CAMPBELL, Judge.

[1] Petitioner contends that under the ordinance, Sections 4-B-1(a), (1), (3) and (4), the Board of Adjustment is given the authority to grant or withhold special use permits in its discretion without proper standards. Petitioner argues that this is a delegation of the legislative power to an administrative body and is therefore unconstitutional under Article II, Section 1 and Article I, Section 19 of the North Carolina Constitution.

The authority of the Chapel Hill Board of Aldermen to enact a zoning ordinance and establish a Board of Adjustment was, at the time of this action, conferred by G.S. 160-172 which states in part that:

". . . Such [zoning] regulations may provide that a board of adjustment may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained."

G.S. 160-178 in effect at the time of this action, provided further that:

". . . It [Board of Adjustment] shall also hear and decide all matters referred to it or upon which it is required to pass under any such ordinance. . . ."

Petitioner contends that the Chapel Hill ordinance enacted pursuant to these statutes does not include sufficient standards to guide the Board of Adjustment and therefore the Board of Adjustment has, in effect, the power to legislate by deciding in its own discretion who shall and who shall not be issued special use permits.

The Chapel Hill ordinance requires that special use permits be issued before certain activities can be conducted. Among the activities covered is the operation of a drive-in business, specifically including automobile service stations. Ordinance, Section 4-D-6.

In *Jackson v. Board of Adjustment,* 275 N.C. 155, 166 S.E. 2d 78 (1969), the North Carolina Supreme Court discussed extensively the problem of delegation of authority to administrative boards. In *Jackson,* Justice Lake quoted with approval the following from *Coastal Highway v. Turnpike Authority,* 237 N.C. 52, 74 S.E. 2d 310 (1953):

" 'Here we pause to note the distinction generally recognized between a delegation of the power to make a law, which necessarily includes a discretion as to what it shall be, and the conferring of authority or discretion as to its execution. The first may not be done, whereas the latter, if adequate guiding standards are laid down, is permissible under certain circumstances.

\* \* \*

" 'In short, while the Legislature may delegate the power to find facts or determine the existence or non-existence of a factual situation or condition on which the operation of a law is made to depend, or another agency of the government is to come into existence, it cannot vest in a subordinate agency the power to apply or withhold the application of the law in its absolute or unguided discretion. 11 Am. Jur., Constitutional Law, Sec. 234. \* \* \* ' "

In *Jackson* the Court struck down a requirement that the Board of Adjustment find that the requested use did not "adversely affect the public interest." The determination of what is in the public interest was held to be beyond the authority of the Board. The court did, however, uphold a provision of the ordinance requiring a permit to be granted " 'in accordance with the principles, conditions, safeguards and procedures specified in this ordinance,' " or to be denied " 'when not in harmony with the purpose and intent of this ordinance.' "

The Chapel Hill ordinance requires a permit to be issued only when the Board of Adjustment makes an affirmative finding as follows:

"(1) that the use will not materially endanger the public health or safety if located where proposed and developed according to the plan as submitted and approved,

(2) that the use meets all required conditions and specifications,

(3) that the use will not substantially injure the value of adjoining or abutting property, or that the use is a public necessity, and

(4) that the locations and character of the use, if developed according to the plan submitted and approved, will be in harmony with the area in which it is to be located and in general conformity with the plan of development of Chapel Hill and its environs." Ordinance, Section 4-B-1(a).

In *Jackson* the Court stated the rule that:

"When a statute, or ordinance, provides that a type of structure may not be erected in a specified area, except that such structure may be erected therein when certain conditions exist, one has a right, under the statute or ordinance, to erect such structure upon a showing that the specified conditions do exist. The legislative body may confer upon an administrative officer, or board, the authority to determine whether the specified conditions do, in fact, exist and may require a permit from such officer, or board, to be issued when he or it so determines, as a further condition precedent to the right to erect such structure in such area. . . ."

The Chapel Hill ordinance does not allow the Board of Adjustment unbridled discretion. It has only the authority to determine whether the specified conditions have been met. This is within the proper authority of the Board under the rules set forth above.

One applying for a special use permit has merely to show that the use meets the conditions specified in the ordinance and a special use permit will be issued. The authority of the Board of Adjustment to determine whether the conditions specified in ordinance have been met is well within the rules set forth in *Jackson v. Board of Adjustment, supra.* We find the ordinance to be valid at the time this action was instituted.

[2] The petitioner's next contention is that the decision of the Board of Adjustment was not supported by competent, material and substantial evidence.

The findings of the Board, where unfavorable to petitioner, were that sufficient evidence had not been presented to allow

the Board to determine if the conditions set out in the ordinance had been met.

The ordinance requires that certain conditions be met before a special use permit can be granted. The petitioner has the burden of satisfying the Board that it meets these conditions. *Craver v. Zoning Board of Adjustment*, 267 N.C. 40, 147 S.E. 2d 599 (1966). The Board in this case has not found as a fact that petitioner fails to meet the conditions set forth in the ordinance. It has merely found that petitioner has failed to produce sufficient evidence for the Board to make the required findings. There are no presumptions in favor of the petitioner and the petitioner merely failed in proof.

Petitioner had the burden of introducing evidence that the conditions required by the ordinance had been met. He failed to introduce such evidence. We find no merit in petitioner's argument.

Affirmed.

Judges BRITT and GRAHAM concur.