Woodhouse v. Board of Commissioners

O. LARRY WOODHOUSE AND GERALD F. FRIEDMAN, PETITIONERS-APPELLEES
v. BOARD OF COMMISSIONERS OF THE TOWN OF NAGS HEAD,
RESPONDENT-APPELLANT

No. 781SC698

(Filed 5 June 1979)

1. Municipal Corporations § 30.6— conditional use permit—burden of proof

An applicant for a conditional use permit has the initial burden of making a positive showing of the existence of each and every fact and condition required by statute or ordinance for such a permit, and only after an applicant has made the required showing must a denial of a conditional use permit be based upon findings which are supported by competent, material and substantial evidence appearing in the record that the required facts and conditions do not exist.

2. Municipal Corporations § 30.6— conditional use permit—planned unit development —fire protection—failure to make prima facie showing

A town ordinance requirement for a conditional use permit for a planned unit development that there be "public and private facilities existing or clearly to be available" included adequate fire fighting facilities. Therefore, petitioners failed to carry their burden of establishing *prima facie* entitlement to a conditional use permit for a planned unit development where they failed to offer any evidence whatsoever as to the availability or adequacy of fire fighting facilities.

APPEAL by respondent from *Fountain, Judge.* Judgment entered 5 May 1978 in Superior Court, DARE County. Heard in the Court of Appeals 24 April 1979.

During the fall of 1977, the petitioners-appellees, O. Larry Woodhouse and Gerald F. Friedman, applied to the Board of Commissioners of the Town of Nags Head for a conditional use permit allowing them to use 5.548 acres of property bounded by the Atlantic Ocean and located in a R-2 (medium density residential) zone as a planned unit development or "PUD." By their application, the petitioners sought approval for construction in the R-2 zone of a planned unit development which would contain thirty-two dwelling units, a sewage treatment plant, two tennis courts, a handball court and parking facilities. The proposed development would contain 5.77 dwelling units per acre and, thereby, comply with the requirement that maximum density of dwelling units in the R-2 zone not exceed six dwelling units per acre. The peti-

tioners acknowledged, however, that the proposed development would not comply with certain other requirements generally applicable in the R-2 zone. For this reason, the petitioners applied for a conditional use permit pursuant to Section 7.02 C(8) and Article IX of the Nags Head Zoning Ordinance [hereinafter "Ordinance"], which provide for conditional use permits for planned unit developments within R-2 zones when certain prescribed requirements have been met.

The petitioners received substantial approval for their proposed planned unit development from the Planning Board of The Town of Nags Head. Their application then was considered during an open meeting of the respondent Board of Commissioners of the Town of Nags Head [hereinafter "Board"] on 6 January 1978. The Board heard from the petitioners and other interested parties at that time and discussed the petitioners' application openly among themselves at length. A transcript of that hearing in its entirety was made a part of the record on appeal. The respondent Board then tabled the matter pending its referral of the application to the Board's engineering firm and other appropriate parties to permit a review of the use proposed by the petitioners and its impact upon the Town of Nags Head.

The Board again considered the petitioners' application during an open meeting on 6 March 1978. After hearing from the petitioners and other interested parties, the members of the Board discussed the matter in that open meeting and denied the petitioners' application by a vote of three to two. The petitioners were formally advised of the Board's action by letter dated 9 March 1978 and received by the petitioners on 10 March 1978. Among the several reasons given by the Board for denying the petitioners' application was the following:

2. The planned development potentially outstrips community fire fighting facilities or services available to us now or in the reasonable future without the imposition of heavy and untimely or disadvantagiously phased tax burdens upon the entire taxpaying population of the Town, most of whom would derive little or no benefit from the necessary expenditures. The type of project envisioned would significantly increase the fire danger and the danger of a major fire which, once started, would be substantially harder to control than a

fire in a single family home or in a duplex allowed as a matter of right in the general zoning district encompassing the site in question.

The petitioners in apt time filed a petition for writ of certiorari with the trial court pursuant to G.S. 160A-388 seeking judicial review of the decision of the respondent Board. The trial court allowed the petition and issued a writ of certiorari on 29 March 1978. After a hearing, the trial court signed its judgment on 4 May 1978. Having first made numerous findings of fact, the trial court reached the following conclusions of law:

CONCLUSIONS OF LAW

(1) Petitioners have standing to maintain this appeal and it is properly before the Court for decision;

(2) The record does not contain competent, material and substantial evidence to support the reasons given by the respondent for denying the petitioners' application for a conditional use permit;

(3) The record contains competent, material and substantial evidence which shows that petitioners' application for a conditional use permit to construct a planned unit development complies fully with all the applicable conditions, standards, regulations and requirements of the Nags Head Zoning Ordinance.

(4) The decision of the respondent in denying petitioners' application for a conditional use permit to develop the property described in their application as a planned unit development is contrary to law.

As a result of its findings of fact and conclusions of law, the trial court in its judgment reversed the decision of the respondent Board and ordered the Board to approve the petitioners' application. The judgment of the trial court was filed with the clerk on 5 May 1978. From this judgment, the respondent Board appealed.

Other facts pertinent to this appeal are hereinafter set forth.

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, P. A., by Norman W. Shearin, Jr. and Dewey W. Wells, for petitioners appellees.*

*Kellogg, White & Evans, by Thomas L. White, Jr. and Thomas N. Barefoot, for respondent appellant.*

MITCHELL, Judge.

The respondent Board assigns as error the trial court's conclusions of law to the effect that the record before it contained competent substantial evidence showing that the petitioners' application for a conditional use permit to construct a planned unit development complied fully with the requirements of the Ordinance and that the denial of the petitioners' application was contrary to law. In support of this assignment, the Board contends *inter alia* that the petitioners failed to produce competent, material and substantial evidence tending to establish that the community fire fighting facilities, existing or clearly to be available by the time they might be needed to protect the petitioners' planned unit development would be adequate to secure the public's safety from the danger of fire. The Board further contends that the petitioners had the duty in the first instance to make a positive showing that such public facilities would be adequate and that, as they failed to make any such positive showing, the Board properly denied their application for a conditional use permit. We agree.

[1] In *Jackson v. Board of Adjustment*, 275 N.C. 155, 166 S.E. 2d 78 (1969), the Supreme Court of North Carolina stated that:

> When a statute, or ordinance, provides that a type of structure may not be erected in a specified area, except that such structure may be erected therein when certain conditions exist, one has a right, under the statute or ordinance, to erect such structure upon a showing that the specified conditions do exist.

274 N.C. at 165, 166 S.E. 2d at 85. When such an applicant has produced competent, material and substantial evidence tending to establish the existence of the conditions which the applicable statute or ordinance prescribes for the issuance of a conditional use permit such as that sought by the petitioners in the present

case, then the applicant has established a *prima facie* entitlement to that permit. *Refining Co. v. Board of Aldermen,* 284 N.C. 458, 202 S.E. 2d 129 (1974). There are, however, no presumptions in favor of such applicants and they have the initial burden of making a positive showing of the existence of each and every fact and condition required by the statute or ordinance. *Kenan v. Board of Adjustment,* 13 N.C. App. 688, 187 S.E. 2d 496, *cert. denied,* 281 N.C. 314, 188 S.E. 2d 897 (1972). Only after an applicant has made the required showing must a denial of a conditional use permit be based upon findings which are supported by competent, material and substantial evidence appearing in the record that the required facts and conditions do not exist. *See Refining Co. v. Board of Aldermen,* 284 N.C. 458, 202 S.E. 2d 129 (1974).

Here, Section 7.02 C(8) of the Ordinance, relied upon by the petitioners, provides that planned unit developments may be authorized as conditional uses within the R-2 zone under the provisions of Article IX of the Ordinance. That article of the Ordinance includes Section 9.01 D which provides as follows:

D. Where Permitted

> Planned Unit Developments may be established as a conditional use in specified zones where tracts suitable in location and character for the uses and structures proposed are to be planned and developed as units, according to the requirements and procedures set forth in this Article. PUD's shall be appropriately located with respect to intended functions, to the pattern and timing of development existing or proposed in the plans of the Town, and to public and private facilities, existing or clearly to be available by the time development reaches the stage where they will be needed.

[2] The petitioners were required to produce competent, material and substantial evidence tending to show that the requirement of Section 9.01 D of the Ordinance that there be "public and private facilities, existing or clearly to be available" had been met. *Refining Co. v. Board of Aldermen,* 284 N.C. 458, 202 S.E. 2d 129 (1974); *Craver v. Board of Adjustment,* 267 N.C. 40, 147 S.E. 2d 599 (1966). We think that such "public and private facilities" included among other things adequate fire fighting

facilities. This construction is consistent with the General Assembly's grant of the zoning power to cities and towns and particularly with the requirement of G.S. 160A-383 that "Zoning regulations shall be made in accordance with a comprehensive plan and designed to . . . secure safety from fire. . . ." As the petitioners in the present case failed to offer any evidence whatsoever as to the availability or adequacy of fire fighting facilities, they failed to carry their initial burden of establishing *prima facie* entitlement to the conditional use permit which they sought.

The Board found as a fact that the available fire fighting facilities were inadequate to justify granting the petitioners' application for a conditional use permit. Assuming *arguendo* that this finding was erroneous as no competent evidence was presented to the Board with regard to fire fighting facilities, such error was harmless. The finding by the Board that fire fighting facilities were inadequate included *a fortiori* the finding of fact that the Board had been unable to find from the evidence offered by the petitioners that adequate and available fire fighting services existed or would exist by the time they might be needed. *See Kenan v. Board of Adjustment,* 13 N.C. App. 688, 187 S.E. 2d 496, *cert. denied,* 281 N.C. 314, 188 S.E. 2d 897 (1972). The latter finding was fully justified by the failure of the petitioners to bear their initial burden of proof and was sufficient to justify the Board's denial of the permit.

The transcript of the proceedings before the Board during its open meeting of 6 January 1978 is replete with statements by members of the Board with regard to their concern that available fire fighting facilities well might not be adequate to protect the petitioners' proposed development. The transcript of the 6 March 1978 meeting of the Board also reveals numerous similar expressions of concern by members of the Board and others. Despite their knowledge of these concerns, the petitioners failed to offer any evidence whatsoever at either meeting concerning the availability or adequacy of fire fighting facilities.

The Board gave the petitioners every opportunity to offer evidence and to be heard and did not dispense with any essential element of a fair trial. *See Refining Co. v. Board of Aldermen,* 284 N.C. 458, 202 S.E. 2d 129 (1974). The petitioners failed to produce competent, material and substantial evidence tending to establish

the existence of all of the facts and conditions which the Ordinance required for the issuance of the conditional use permit which they sought. Therefore, the petitioners failed to establish *prima facie* entitlement to the conditional use permit. This being the case, the Board properly denied their application.

For these reasons, we find that the trial court erred in its conclusions that the record before it contained competent, material and substantial evidence showing that the petitioners' planned unit development would comply fully with the Ordinance and that the Board's decision denying the petitioners' application was contrary to law. The judgment of the trial court reversing the decision of the respondent Board and directing the Board to grant approval for the petitioners' construction of a planned unit development in accordance with their application, must be and is hereby

Reversed.

Judges PARKER and MARTIN (Harry C.) concur.