271 S.E.2d 550 (1980)
49 N.C. App. 459
Joseph BURTON, Petitioner,
v.
NEW HANOVER COUNTY ZONING BOARD OF ADJUSTMENT UNDER the ZONING ORDINANCE OF NEW HANOVER COUNTY, Ted Glod, Chairman; Ezra Hester, William Crumpler, John Maye and Kenneth Williamson, Respondents.
No. 805SC389.
Court of Appeals of North Carolina.
November 4, 1980.
*551 Crossley & Johnson by Robert W. Johnson, Wilmington, for petitioner-appellant.
Murchison, Fox & Newton by Joseph O. Taylor, Jr., and James C. Fox, Wilmington, for respondents-appellees.
HEDRICK, Judge.
By his first assignment of error, petitioner contends that the trial judge erred in reviewing the record and finding the order of the Board of Adjustment to be supported by the evidence when the court did not have a complete record before it. This assignment of error is primarily based upon Exception No. 1 which pertains to the following stipulation made by the parties on 20 November 1979:
It is stipulated that the attached papers are true and accurate records of the New Hanover County Board of Zoning Adjustment and are complete except that it does not contain a verbatim transcript of the testimony taken at the June 12, 1979 hearing in this matter, but there is a transcript of the testimony taken at the July 10, 1979, meeting.
Based on this stipulation, petitioner argues that the superior court violated G.S. § 150A-47 which in pertinent part provides:
Within 30 days after receipt of the copy of the petition for review, ... the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceedings under review.
We disagree. First of all, we note that the cited section, part of the Administrative Procedure Act (Chapter 150A), does not apply to decisions made by town boards, including boards of adjustment. G.S. § 150A-2(1); Coastal Ready-Mix Concrete Co., Inc. v. Board of Commissioners, 299 N.C. 620, 265 S.E.2d 379 (1980). The appropriate statute for our purposes is G.S. § 160A-388, which contains no parallel requirement that a "complete" record be submitted to the superior court for review. See G.S. § 160A-388(e). Nevertheless, in our opinion the record before the superior court was a full and complete record of the proceedings. The record contained the minutes of the 12 June 1979 meeting of the Zoning Board of Adjustment, at which the Board heard testimony on petitioner's appeal, but because of "insufficient information on the kind of business" petitioner was conducting on the property, a decision was deferred until the 10 July 1979 meeting of the Board. The record further contains the minutes and a transcript of the 10 July 1979 meeting, at which counsel for petitioner was allowed to review previous testimony before the Board, and at which the Board, after hearing extensive testimony from both sides, made findings of fact and concluded that the decision of the building inspector should be affirmed. In addition, the record contains the minutes of the 7 August 1979 meeting of the Board, at which the Board formally adopted a summary of the evidence presented and its findings of fact. Obviously, transcripts of the 12 June 1979 and 7 August 1979 meetings are not necessary, as the minutes clearly reflect what occurred, and petitioner could not have been prejudiced by the omission of a transcript of the 12 June 1979 meeting, since he was allowed to review the testimony from that meeting at the 10 July 1979 *552 meeting. Additionally, petitioner never complained about the inadequacy of the record until just prior to the hearing in the superior court. Furthermore, the decision of the Board was amply supported by the evidence in the record from the 10 July 1979 meeting. Petitioner's first assignment of error is therefore without merit.
By his second, third, fourth, sixth, seventh, and ninth assignments of error, petitioner argues that the court erred in not reversing the Board's decision since the decision was not supported by competent evidence. Specifically, petitioner contends that "[A]ll evidence contained in the record sent up to the Superior Court for review was either (1) unsworn testimony; (2) newspapers, letters, and petitions which were hearsay; or (3) exhibits which had not been properly introduced under the rules of evidence ..." and thus was incompetent to support the Board's decision. We disagree. Local boards, such as municipal boards of adjustment, are not strictly bound by formal rules of evidence, as long as the party whose rights are being determined has the opportunity to cross-examine adverse witnesses and to offer evidence in support of his position and in rebuttal of his opponent's. Humble Oil & Refining Co. v. Board of Aldermen, 284 N.C. 458, 202 S.E.2d 129 (1974). Absent a stipulation or waiver, however, a board of adjustment may not base critical findings of fact as to the existence or non-existence of a non-conforming use on unsworn statements. Humble Oil & Refining Co. v. Board of Aldermen, supra; Jarrell v. Board of Adjustment, 258 N.C. 476, 128 S.E.2d 879 (1963).
Nevertheless, a party may waive his right to insist that witnesses in a proceeding before a board of adjustment should be placed under oath, especially when he fails to object to unsworn testimony at the hearing. Craver v. Board of Adjustment, 267 N.C. 40, 147 S.E.2d 599 (1966). In the present case, none of the witnesses who testified at the Board's hearings were sworn. Petitioner, however, made no objection to the Board's failure to administer oaths to those testifying. Also, petitioner was represented by counsel, and had ample opportunity to cross-examine adverse witnesses and to offer evidence in his own behalf. Moreover, all the evidence in support of petitioner was unsworn testimony, and he therefore has no reason to complain about his opponent's use of such testimony. In our view, petitioner waived his right to insist upon the use of sworn testimony, and thus the Board's findings of fact could be based upon unsworn testimony. In addition, petitioner had sufficient opportunity to protect his right to offer evidence and cross-examine witnesses, and as a result he has not been prejudiced by the admission of hearsay or "improperly introduced" evidence. Consequently, the evidence presented was competent and since we have already found that the evidence in the record was sufficient to support the Board's decision, these assignments of error are meritless.
Affirmed.
ARNOLD and HILL, JJ., concur.