CLYDE C. CARTER, ARTHUR FINK, ROBERT C. HARRISS AND F. E. STROWD, AS REPRESENTATIVES FOR THEMSELVES AND ALL OTHERS SIMILARLY SITUATED v. THE TOWN OF CHAPEL HILL, INTER-CHURCH COUNCIL FOR SOCIAL SERVICES, INC., AND DANIEL A. OKUN

No. 7215SC87

(Filed 29 March 1972)

1. Appeal and Error § 41— record on appeal — order of proceedings

Appeal is subject to dismissal where the proceedings are not set forth in the record on appeal in the order of time in which they occurred as required by Court of Appeals Rule 19(a).

2. Administrative Law § 4; Municipal Corporations § 30— special use permit — hearing — rules of evidence

It was not error for a municipal board of aldermen to admit unsworn testimony and otherwise depart from the rules of evidence in a hearing upon an application for a special use permit, G.S. 143-318 being inapplicable to a municipal legislative body.

APPEAL by petitioners from *Cooper, Judge,* in Chambers at Whiteville, 28 October 1971.

These petitioners bring this appeal from a ruling by the Superior Court on a writ of certiorari sustaining a decision of the Chapel Hill Board of Aldermen granting a special use permit to the respondents.

*Manning, Allen and Hudson by John L. Manning for petitioner appellants.*

*Haywood, Denny & Miller by Emery B. Denny, Jr., for defendant appellees, Town of Chapel Hill.*

*Barber, Holmes & Barber by Edward S. Holmes for defendant appellees, Inter-Church Council for Social Services, Inc., and Daniel A. Okun.*

CAMPBELL, Judge.

[1]  The record on appeal in this case fails completely to conform with Rule 19(a) of the Rules of Practice in the Court of Appeals of North Carolina which requires that the proceedings be set forth in the order of time in which they occurred. Failure to comply with the Rules of Practice subjects the appeal to dismissal *ex mero motu. State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971).

We have, nevertheless, reviewed the record in order that we might render a decision on the merits in this case.

In brief summary, the facts in this case may be summarized as follows:

Respondent Daniel A. Okun is the owner of a 5.5-acre tract of land in Chapel Hill, North Carolina. The land is situated in an area zoned R-5 (Residential) pursuant to the Ordinance Providing for the Zoning of Chapel Hill and Surrounding Area (ordinance). Okun filed an application with the Town of Chapel Hill for the issuance of a special use permit to construct a unified housing development consisting of forty units. The petitioners are residents of "Westwood" and "Forest Hills," two nearby developments.

After proper advertisement a public hearing was held on February 1, 1971 at which time the application was referred to

the Planning Board for its recommendations. Testimony in favor of and in opposition to issuance of the permit was heard.

The Planning Board recommended to the Board of Aldermen that the permit be issued. After discussion at its regular meeting on 8 February 1971, the Board granted the special use permit based on the following findings of fact:

"1. That the use will not materially endanger the public health or safety if located where proposed and developed according to the plan submitted and approved,

2. That the use meets all required conditions and specifications,

3. That the use will not substantially injure the value of adjoining or abutting property and,

4. That the location and character of the use if developed according to the plan as submitted and approved, will be in harmony with the area in which it is to be located and in general conformity with the plan of development of Chapel Hill and its Environs; and that in accordance with these findings the project be approved and the special use permit be granted with the following stipulations:" (Stipulations omitted.)

The appellant petitioned the Superior Court of Orange County for a writ of certiorari to review the decision of the Chapel Hill Board of Aldermen. The writ was issued, and the Court entered judgment sustaining the decision of the Board of Aldermen.

On appeal, the petitioner's first argument is that the Chapel Hill ordinance does not contain appropriate standards to guide the Board of Aldermen and is therefore invalid.

We have already upheld the Chapel Hill Zoning Ordinance against similar arguments. See *Kenan v. Chapel Hill* filed in this Court on 29 March 1972.

We will not therefore discuss this argument except to say that it is overruled.

[2] Appellants next argue that it was error for the Board of Aldermen to admit unsworn testimony and otherwise depart

from the rules of evidence employed in the courts of this State. Appellants rely on G.S. 143-318.

The statute requires that the rules of evidence be followed in all "proceedings." G.S. 143-318. "Proceedings" are defined as "any proceeding, by whatever name called, before an administrative agency of the State, wherein the legal rights, duties, or privileges of specific parties are required by law or by constitutional right to be determined after an opportunity for agency hearing." G.S. 143-317(3).

In G.S. 143-317(1) "Administrative agency" is defined as "any State authority, board, bureau, commission, committee, department, or officer authorized by law to make administrative decisions, except those agencies in the *legislative* and judicial departments of government." (Emphasis added.)

It is not necessary for us to decide, and we do not decide, whether the provisions of G.S. 143-317 and 318 are applicable to political subdivisions of the State, including cities and towns. Assuming solely for the purpose of argument that said statutes do apply to cities and towns, Chapel Hill's Board of Aldermen is its municipal legislative body and, therefore, falls within the exception set forth above and the proceedings involved in this action are not affected by G.S. 143-318. We hold that it was not error for the Board of Aldermen to deviate from the rules of evidence.

We have reviewed this record carefully and find that the proceedings were conducted in fair and orderly manner and that all parties were accorded due process of law. There was evidence to support each finding of fact and the findings supported the conclusion.

The ruling of the lower court is

Affirmed.

Judges BRITT and GRAHAM concur.