HUMBLE OIL & REFINING COMPANY, PETITIONER v. BOARD OF ALDERMEN OF THE TOWN OF CHAPEL HILL, JOSEPH L. NASSIF, ALICE WELSH, REGINALD D. SMITH, ROSS F. SCROGGS, GEORGE L. COXHEAD, AND JAMES C. WALLACE, RESPONDENTS

No. 7315SC228

(Filed 20 February 1974)

1. Municipal Corporations § 30— zoning — denial of special use permit — standing of optionee to appeal
     An optionee who has not exercised its option has no standing to appeal from the denial of a special use permit.

2. Municipal Corporations § 30— special use permit — danger to public health and safety — applicant's failure of proof
     Municipal board of aldermen did not err in the denial of a special use permit to allow construction of a service station on the ground that the use would endanger public health and safety where the applicant failed to offer evidence that the service station would not have such effect.

3. Municipal Corporations § 31— application for special use permit — exhibits obtained by board before hearing
     In an appeal from a board of aldermen's denial of a special use permit to allow construction of a service station, the superior court did not err in refusing to delete from the record a Highway Commission letter and a gasoline dealers' publication relating to zoning which

were obtained by the board prior to the public hearing on the application since they were relevant to the board's inquiry.

**4. Municipal Corporations § 30— zoning ordinance — special use permit — guiding standards**

Provision of a municipal zoning ordinance requiring the board of aldermen to find, in order to grant a special use permit, that "the use will not materially endanger the public health or safety if located where proposed and developed according to the plan as submitted and approved" gives the board sufficient guiding standards and is not unconstitutionally vague.

APPEAL by petitioner from *McKinnon, Judge,* 30 October 1972 Session of ORANGE County Superior Court.

Petitioner holds an option to purchase a tract of land containing approximately four acres located at the southeast intersection of N. C. Highway 54 and U. S. Highway 15-501 in Chapel Hill. The owner of this tract is Flagler System, Inc.

On 28 October 1971, petitioner filed with the Board of Aldermen of Chapel Hill an application for a special use permit to allow construction of a service station on the tract of land. The portion of the tract on which the proposed station was to be built was zoned S.C. (Suburban Commercial), and service stations are permitted upon the granting of a special use permit by the Board of Aldermen.

Petitioner met with the Chapel Hill Appearance Commission on 15 November 1971, and after reviewing the plans for the station, the Commission recommended several stipulations to be attached to a special use permit.

After advertising as required by the Chapel Hill Zoning Ordinance (Ordinance), the Board of Aldermen conducted a public hearing on 22 November 1971. At this hearing petitioner presented its arguments in favor of granting the special use permit, and no one appeared to present arguments contra. The Board of Aldermen, in accordance with the ordinance, referred the application to the Planning Board who recommended that it be affirmed subject to the stipulations of the Appearance Commission.

At their 13 December meeting, the Board of Aldermen considered the recommendations of the Planning Board and by a vote of four to two denied it "on grounds that it would materially endanger the public health and safety if located where proposed and developed according to the plans as submitted."

Refining Co. v. Board of Aldermen

Humble's petition that the Superior Court of Orange County issue a writ of certiorari to the Board of Aldermen was granted on 12 January 1972. The Superior Court reviewed the record consisting of some 29 exhibits including zoning maps, topographical maps, blueprints, and minutes of the various board meetings. After making extensive findings of fact based on the foregoing exhibits, the court concluded:

"1. That the special use permit provision of the Ordinance Providing for the Zoning of Chapel Hill and Surrouding Areas are not invalid.

2. That all proceedings prescribed in connection with special use permits were followed by the Board of Aldermen of the Town of Chapel Hill in this case.

3. That the petitioners were afforded an opportunity to present evidence that the danger of public health and safety would not be materially increased if the permit were granted.

4. That the finding of the Board of Aldermen in connection with the denial of the special use permit is based upon competent evidence. Res. Ex. 20.

5. That the action of the Board of Aldermen of the Town of Chapel Hill was discretionary and is presumed to be valid.

6. That petitioners have the burden of proving that the action of the Board of Aldermen of the Town of Chapel Hill was arbitrary, capricious, unreasonable and unlawful.

7. That the petitioners have presented no evidence to sustain this burden.

8. That there is no evidence that this action of the Board of Aldermen of the Town of Chapel Hill was arbitrary, capricious, and unreasonable or in violation of law."

From the entry and signing of judgment affirming the ruling of the Board of Aldermen, petitioner appealed.

Flagler System, Inc., the owner of the subject property, moved that the Court of Appeals allow it to intervene as a party petitioner. The motion was allowed.

*Bryant, Lipton, Bryant and Battle, by F. Gordon Battle, for petitioner appellant Humble Oil and Refining Company and Intervenor Flagler System, Inc.*

*Newsom, Graham, Strayhorn, Hedrick and Murray, by K. Byron McCoy, for petitioner appellant.*

*Haywood, Denny and Miller, by Emery B. Denny, Jr., for respondent appellee.*

MORRIS, Judge.

[1] As an optionee, petitioner has no standing to appeal from the order of the Superior Court. Appellate review of the order of a municipal board of adjustment is available only to the owner of the property affected by the ruling, and this right does not extend to a mere optionee. *Lee v. Board of Adjustment*, 226 N.C. 107, 37 S.E. 2d 128 (1946). The holding of the Supreme Court in *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E. 2d 129 (1974), does not preclude the application of this rule in the case *sub judice*. In *Refining Co., supra*, the petitioner had conditionally exercised its option, thereby becoming a prospective vendee. In the case before us, there has been no such exercise.

We have, however, allowed the motion of the owner of the subject property—Flagler System, Inc.—to intervene, and we shall proceed to review the case on the merits.

[2] This appeal presents three assignments of error for consideration. The first assignment of error is to the trial court's ruling that the action of the Chapel Hill Board of Aldermen was not arbitrary, capricious, unreasonable and unlawful. With this contention we cannot agree.

The Ordinance Providing for the Zoning of Chapel Hill and Surrounding Areas provides that an automobile service station is a permitted use in the areas zoned Suburban Commercial. Ordinance, § 3. However, a special use permit is required for the construction of a drive-in business. Id. § 4-D-6. § 4-B of the Ordinance provides that an application for a special use permit shall be reviewed by the Board of Adjustment at a public hearing. If the Board grants the permit it shall find:

> "(1) That the use will not materially endanger the public health or safety if located where proposed and developed according to the plan as submitted and approved;
>
> (2) That the use meets all required conditions and specifications;

Refining Co. v. Board of Aldermen

(3) That the use will not substantially injure the value of adjoining or abutting property, or that the use is a public necessity, and

(4) That the location and character of the use if developed according to the plan as submitted and approved will be in harmony with the area in which it is to be located and in general conformity with the plan of development of Chapel Hill and its Environs."

The ordinance requires that certain conditions be met before a special use permit can be granted. Petitioner has the burden of satisfying the Board that these conditions have been met. *Kenan v. Board of Adjustment,* 13 N.C. App. 688, 187 S.E. 2d 496 (1972); *Craver v. Zoning Board of Adjustment,* 267 N.C. 40, 147 S.E. 2d 599 (1966).

The Board's reason for denying the permit was that "it would materially endanger the public health and safety if located where proposed and developed according to the plans as submitted." While it is true that no evidence was presented that could establish that the station would endanger public health and safety, petitioner has offered no evidence that its service station would *not* have such an effect. Thus, it has failed to satisfy its burden of proof, and there was no error in the Board's denial of the application.

[3] Petitioner's second assignment of error is to the Superior Court's denial of petitioner's motion that two items be deleted from the record. The two items in question are a letter from the State Highway Commission regarding access to the ramp to U.S. 15-501 and a publication from the Mid-American Gasoline Dealers Association entitled "MAGDA's Model Zoning Recommendation." These items were obtained by the Board itself before the public hearing, but petitioner had ample opportunity to present its own evidence at the public hearing. Municipal Boards of Adjustment are not required to comply strictly with the rules of evidence. *Carter v. Town of Chapel Hill,* 14 N.C. App. 93, 187 S.E. 2d 588 (1972). The evidence that petitioner would have excluded was relevant to the Board's inquiry, and there was no error in the Superior Court's denial of the motion to have it deleted from the record.

[4] Petitioner's final assignment of error is to the court's finding that the applicable portions of the ordinance were not unconstitutional as applied to the facts in the case. Specifically,

petitioner contends that the requirement that the Board find "(1) That the use will not materially endanger the public health or safety if located where proposed and developed according to the plan as submitted and approved" is so vague that it affords no reasonable standard for judgment.

There is no doubt that the Legislature may delegate to a municipality the authority to administer a zoning ordinance. *Kenan v. Board of Adjustment, supra.* This delegation has withstood constitutional attack based on the consistently recognized distinction between the delegation of the power to make a law and the conferring of authority to administer a law.

> "Here we pause to note the distinction generally recognized between a delegation of the power to make a law which necessarily includes a discretion as to what it shall be, and the conferring of authority or discretion as to its execution. The first may not be done, whereas the latter, if adequate guiding standards are laid down, is permissible under certain circumstances. 11 Am. Jur., Constitutional Law, Sec. 234. See also *Pue v. Hood, Comr. of Banks,* 222 N.C. 310, 22 S.E. 2d 896.
>
> \*     \*     \*
>
> In short, while the Legislature may delegate the power to find facts or determine the existence or nonexistence of a factual situation or condition on which the operation of a law is made to depend, or another agency of the government is to come into existence, it cannot vest in a subordinate agency the power to apply or withhold the application of the law in its absolute or unguided discretion. 11 Am. Jur., Constitutional Law, Sec. 234." *Coastal Highway v. Turnpike Authority,* 237 N.C. 52, 60-61, 74 S.E. 2d 310 (1953).

In *Jackson v. Board of Adjustment,* 275 N.C. 155, 166 S.E. 2d 78 (1969), the Supreme Court held that the Legislature may not delegate to a municipal board of adjustment the authority to issue or refuse a permit to build a structure of a specified type based on whether said structure will be conducive to or adverse to the public interest or welfare. There is, however, a basic distinction between the ordinance invalidated in *Jackson v. Board of Adjustment, supra,* and the ordinance before us. While the former called upon the Board of Adjustment to pass upon questions of public policy, the latter requires only that

the Board determine whether the special use would endanger public health and safety.

> " '[B]y the decided weight of authority, the rule is that "if the statute requires or authorizes the court or other agency to pass upon questions of public policy involved, * * * there is an attempted delegation of legislative power and the statute is invalid." 37 Am. Jur., Municipal Corporations, Sec. 8.' " *Jackson v. Board of Adjustment, supra,* at 165.

The aforementioned findings required by the Board in denying or allowing an application for a special use permit are sufficient to distinguish the ordinance from the ordinance in *Jackson.* We hold that the Board of Adjustment has not been empowered to rule upon matters of public policy, and that the Board is given sufficient guiding standards. Therefore, the ordinance is not unconstitutional.

No error.

Judges BRITT and VAUGHN concur.