JANIE PIGFORD PETITIONER v. THE BOARD OF ADJUSTMENT OF THE CITY OF KINSTON, NORTH CAROLINA, AND J.P. CHERRY, SR., AND J.P. CHERRY, JR., T/A CHERRY OIL COMPANY, INC., RESPONDENTS

No. 808SC257

(Filed 7 October 1980)

Municipal Corporations § 31.1– order of board of adjustment – petitioner not aggrieved – no judicial review

Where it did not appear in the record that petitioner was the owner of property affected by a ruling of defendant board, petitioner was not an aggrieved party entitled to judicial review, and proceedings in the superior court were therefore nullities.

APPEAL by petitioner and respondents J.P. Cherry, Sr. and J.P. Cherry, Jr., t/a Cherry Oil Company, Inc., from *Bruce, Judge.* Order entered 30 November 1979 in Superior Court,

LENOIR County. Heard in the Court of Appeals on 16 September 1980.

This is an appeal from an order of the superior court affirming in part and reversing and remanding in part the decision of the Board of Adjustment for the City of Kinston, North Carolina, which affirmed the decision of the city building inspector to issue three building permits to respondents "for the state purpose of 'moving store back off State Right-of-Way' at the intersection of J.P. Harrison Blvd. and East Washington Street; 'to renovate existing building to meet all codes'; and 'to bury 4,000 gallon gas tank' respectively."

*Beech and Pollock, by Paul L. Jones, for petitioner appellant and appellee.*

*White, Allen, Hooten, Hodges and Hines, by John M. Martin for respondent appellants and appellees.*

HEDRICK, Judge.

Section 24-60 of the Zoning Ordinance of the City of Kinston reads as follows: "Appeals from the decisions of the Building Inspector shall be made to the Board of Adjustment. Appeals made from the Board of Adjustment shall be made to the Lenoir County Superior Court."

G.S. § 160A-388(b) in pertinent part provides:

The Board of Adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this Part. An appeal may be taken by any person aggrieved or by an officer, department, board, or bureau of the city.

G.S. § 160A-388(e) in pertinent part provides: "Every decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari."

Any aggrieved party may appeal from a ruling of the city building inspector to the board of adjustment, and such an aggrieved party may then appeal from the board to superior court by way of certiorari. *Lee v. Board of Adjustment,* 226 N.C. 107, 37 S.E.2d 128 (1946). This necessarily means that the appealing party must have some interest in the property

affected. *Lee v. Board of Adjustment, supra. See also Deffet Rentals, Inc. v. City of Burlington,* 27 N.C. App. 361, 219 S.E.2d 223 (1975); *In re Coleman,* 11 N.C. App. 124, 180 S.E. 2d 439 (1971). *In Humble Oil & Refining Co. v. Board of Aldermen,* 20 N.C. App. 675, 678, 202 S.E.2d 806, 808, *rev'd on other grounds,* 286 N.C. 170, 209 S.E.2d 447 (1974), Judge Morris (now Chief Judge) stated for this Court: "Appellate review of the order of a municipal board of adjustment is available only to the owner of the property affected by the ruling ..." The petition to the superior court for a writ of certiorari in the present case describes the petitioner, Janie Pigford, as a "citizen and resident of the City of Kinston, North Carolina, and the applicant of record for an interpretation of sections 24-8 *a* and *b* on Nonconforming uses of the Kinston Zoning Ordinance ..." and as a resident of "1714 East Washington Street as an aggrieved party ...." In the record before us there is no allegation or evidence that the petitioner is the owner of property affected by the board's ruling. Nowhere in the record before us does it appear that the petitioner is a party aggrieved by the ruling and entitled to judicial review. Thus, the proceedings in the superior court, including the order entered 30 November 1979, are nullities.

For the reasons stated, the order appealed from is vacated, and the matter is remanded to the superior court for the entry of an order (1) dismissing the petition for a writ of certiorari filed 28 July 1979; (2) vacating the writ of certiorari granted 20 August 1979; and (3) reinstating the decision of the board of adjustment dated 11 July 1979. The petitioner and respondents on the appeal to this Court will be taxed one-half (1/2) each of the costs of the appeal.

Vacated and remanded.

Chief Judge MORRIS and Judge WHICHARD concur.